Curia.

It is unnecessary to go into an inquiry whether the juggling between the plaintiff and defendant in the present action gave any equitable claims to one against the other; since there is a general principle, which will decide this action and all others similar to it, of which there are many in various parts of the commonwealth.
It appears, from the agreement of the parties, that the only right acquired by the plaintiff over the property in contest was by delivery of it by the deputy sheriff to him for safe keeping. This did not constitute him a bailiff of the property, but a mere servant of the sheriff, without any legal interest in the cattle. The sheriff should have brought tile action, as the special property unquestionably remained in him, notwithstanding the delivery to the plaintiff. The general property was in the defendant. The plaintiff, therefore, having neither the general nor special property, cannot maintain trover, (a) Whether the circumstances and facts agreed do not give him a right to satisfaction in some other form of action, needs not now be determined.

Plaintiff nonsuit.

 [See Commonwealth vs. Morse, (14 Mass. Rep. 217) Bond vs. Padelford, (13 Mass. Rep. 394,) where the same doctrine is advanced, and this case referred to, in support of it, as well as the case of Warren vs. Leland, (post, 265.) But in Waterman vs. Robinson, (5 Mass. Rep. 303,) it is said that trover may be maintained by him who has the possession merely. And the same doctrine is laid down in Chitty and other books, where it is said that trover or trespass may be sustained by a gratuitous bailee. — Rooth vs. Wilson, 1 Barn. & Ald. 59.— Chitty, Plead, vol. i. pp. 51,52—139 —154, ed. 4th. — Roberts vs. Wyatt, 2 Taunt. 268. — Hoyt vs. Gelston, 13 Johns. Rep. 141 - 561. —The plaintiff, however, did not keep the actual possession of the cattle, so that this case, in that respect, differs from the case of many others, receiving chattels from officers, and giving a written promise to have them forthcoming to satisfy such judgment as may be recovered. But this distinct m is not noticed by the Court, and seems not to have been considered as material. And why had not the plaintiff an interest in the cattle, so long as he was answerable over to the officer? Indeed, it has been held that the bailee, as well as the officer, may retake' chattels, delivered over, under like circumstances, to the debtor; (Bond vs. Padelford, nbi sup.;) and if so, why may he not maintain trespass or trover if the debtor refuse to deliver them no on demand? See Knapp vs. Sprague, post, 258. —Ed.]