Curia, -per
O’Neall, J.'
The right of the plaintiff to maintain this action, was pretty clearly intimated in the case of the State vs. Mazyck, (a) and had not the presiding Judge below thought that the action was so clearly not maintainable, as to authorize him to order a nonsuit, I should not have thought any thing necessary on this occasion, but a reference to our opinion in that case for the reasons of our judgment in this. It is, however, due to the decision of the Judge below, that the reasons for our dissent from it should be briefly stated. A general right of property and of immediate possession, or a right of possession alone, is generally enough to sustain the action of trover. It is from the right of a bailee to the possession of a chattel that he may maintain trover against every one but the rightful owner. The general reasons why he may maintain this action, appear to be threefold : 1st. That his possession may be coupled with an interest in the property itself: 2d. That he may be responsible to his bailor on account of the loss of the property: and 3d. That his possession is evidence of property against every one except the rightful owner. These general reasons why a bailee may and ought to maintain trover for the conversion of goods taken out of his possession, appear to me to cover every class of bailments, and regarding, therefore, the present plaintiff as a bailee for the use of himself and the State in equal moities of the proceeds of the chattel when sold, he would, both on account of his interest in the thing and his possession, be entitled to maintain this action. But if he is regarded only as the bailee of the magistrate, Ferguson, I apprehend he can maintain this action against any one who has not the general right of property. His possession is prima facie evidence of property : this shewing, with proof of conversion, would entitle him to a verdict, unless the defendant could shew a right of property in himself: this would, in the defence, *298 be accomplished by provina; that the property was his up to the time of its being taken from the slave by the defendant : to this, as said in the case of the Slate vs. Mazyck, could be replied the condemnation by the justice and his delivery of the possession to the plaintiff to keep until sold. The result of this replication (if the magistrate had jurisdiction of the subject) would be to divest the defendant’s right of property and place it in the magistrate for sale. If he had both property and possession in the thing, he might, and by delivering did, confer the right of possession on the plaintiff; and this qualified or special property entitles him to recover against the defendant, who has no right of property. In the case of Jones vs. Cole, 2 Bail. 330, it is said — “ The right of one having a general property in, or the right of possession of, a chattel, to maintain trover for its conversion, is a proposition too familiar to require illustrationand its application to this case, to my mind, is too apparent to be any longer doubted. The possession of a mere servant, who has no interest in the chattel, and on whom no liability is cast for its loss, and whose possession, therefore, is that of his master, will not, I am satisfied, be enough to sustain trover; and on this principle the case of Ludden vs. Leavitt, 9 Mass. R. 104, was decided. But I confess that I think the principle was strangely misapplied. For it will be seen that the plaintiff, who received possession from the deputy sheriff, was not only liable for the property, but had actually paid a sum of money in discharge of his engagement to deliver it. So that it would seem, both on account of the liability cast upon him by his engagement to keep the property for the deputy sheriff, and also of the fact that he had actually incurred and paid that liability, his interest’ in, and possession of, the property, ought to have sustained the action. It would have been better if the decision had been put on the ground, that the circumstances authorized the belief that he had consented to the defendant’s subsequent acquisition of the property. The case, however, does not conclude us as authority ; and I should have no hesitation in ruling, that the principle on which it was decided would not apply to a case of the same kind here.
The motion to set aside the nonsuit is granted.
Johnson, J. concurred.

 See last case.