Abraham J. Knisely,

*v.*

John P. Parker.

1. ATTACHMENT — *of boats and vessels.* Under the statute authorizing "boats and vessels" to be attached for debts incurred for work done, supplies and materials furnished, and for wages to mariners, boatmen and others employed

31 — 34TH ILL.

in the service of such boats, a dredge is not a boat or vessel within the meaning of the act, and is not liable to be attached under the provisions of that law.

2. JURISDICTION —*judgment without.* By a proceeding in attachment against a dredge, the court fails to acquire jurisdiction of the subject matter, and a judgment is void and a sale under an execution on such a judgment confers no title to the purchaser.

3. REPLEVIN —*prior possession.* Where two persons obtain judgments, on attachment at different times against a dredge boat, and executions issue and sales are made in the order in which the judgments are rendered, and the first purchaser reduces the dredge to possession, and the subsequent purchaser levies upon and takes the dredge from his possession, and purchases and takes the property into possession; the first purchaser may sue in replevin and under the pleas of *non cepit* and property in the defendant, he may recover on his prior possession.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of replevin, brought by John P. Parker, in the Superior Court of Chicago, against Abraham J. Knisely, to recover the dredge boat "Nile," with the machinery and tackle. The declaration was in the usual form. Defendant pleaded *non cepit*, and a plea avowing the taking, and avers that it was the property of the defendant, and not of the plaintiff. Issues were formed to the country, and a trial was had by a jury. On the trial it appeared that on the 20th of October, 1860, D. G. McDonald sued out an attachment before C. De-Wolf, Esq., a justice of the peace, against the steamboat known as the dredge "Nile," upon a claim of $65.75; and on the 1st of November following, a judgment was rendered, and an order of sale issued, which, however, was arrested by an appeal by George Kimball, the owner of the boat, to the Circuit Court of Cook county.

And afterwards, and on the 12th of December, 1860, Thomas S. Dickerson recovered a judgment against said Kimball, by an attachment out of the Superior Court of Chicago, against the same boat, and on the 11th of February following, a special execution against said boat was issued from the Superior Court to satisfy said judgment; and on the 11th of March thereafter, the boat was sold, under said execution, to the defendant in error, for $618.

Subsequently the appeal taken was dismissed, *procedendo* issued to the justice, an order of sale of the boat issued by the justice, and the boat, in pursuance thereof, sold on the 26th of October, 1861, to the plaintiff in error, who took possession; and thereupon the defendant in error, claiming the property by virtue of his purchase under the execution from the Superior Court, brings this suit of replevin.

To maintain this suit, the plaintiff below introduced in evidence the judgment of the Superior Court, the execution and sale of the property under the same to himself.

To defeat the plaintiff's title, the defendant below offered in evidence the proceedings before the justice, the appeal, *procedendo*, order of sale, and sale of the property to himself, and claimed that as the attachment before the justice was prior to that out of the Superior Court, his title was paramount.

The trial resulted in a verdict in favor of the plaintiff, and defendant entered a motion for a new trial, which was overruled by the court, and a judgment was rendered on the verdict; to reverse which, defendant prosecutes this writ of error.

The question presented for determination is, whether a dredge boat is embraced within, and is the subject of attachment, under the law allowing boats and vessels to be attached.

Messrs. HOYNE, MILLER & LEWIS for the plaintiff in error.

Mr. CYRUS BENTLEY for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the question, whether the dredge boat in controversy is of the class of vessels embraced in the provisions of the law regulating attachments against boats and vessels. The first section of the law declares, that "boats and vessels of all descriptions, built, repaired or equipped, or running upon any of the navigable waters within the jurisdiction of this State, shall be liable for all debts contracted by the owner or owners, masters, supercargoes or consignees thereof, on account

of all work done, supplies or materials furnished by mechanics, tradesmen and others, for or on account of, or towards the building, repairing, fitting, furnishing or equipping such boats and vessels, their engines, machinery, sails, rigging, tackle, apparel and furniture." The act also gives a preference to such debts, over all others owing by the owner of such vessel, except the wages of mariners, boatmen, and others employed in the service of such boats, who shall be first paid. For such indebtedness, the second section gives the right to sue out an attachment. And it and the third section prescribe the steps to be taken in such a proceeding. The fourth section extends the benefit of the act to debts created for labor and service rendered by engineers, pilots, mariners, boatmen and others employed in any capacity in or about the service of any such boat or vessel, and authorizes them to proceed by attachment for the collection of such debts.

It is material to ascertain whether these provisions apply to everything which is characterized as a boat or vessel. It names boats and vessels of all descriptions as being embraced in the provisions of the act. This language, although broad and comprehensive, would not include a wharf boat, a skiff, canoe or a ferry boat. The term vessel, in its broadest sense, would include hogsheads, barrels and a variety of domestic utensils, which are obviously not intended to be included in the provisions of this law. But when the scope of the act is considered, it seems that the design was to give the remedy against vessels running upon our navigable streams and waters. Such vessels as were not stationary. Vessels of that character are usually owned by non-residents, or persons not generally known. To give a speedy and sure remedy for debts they might contract, is wise and just. And this was, doubtless, the controlling reason for its enactment. Boats and vessels are usually employed in the transportation of persons and property from one place to another, and it would seem to be such vessels and not stationary structures, used as tenements or as machines that are embraced. The attachment in this case is against a dredge boat, used in widening and deepening the harbor at Chicago.

It is not capable of being used for the ordinary and general purposes for which boats and vessels are usually employed. It only floats upon the harbor, and contains machinery for excavating earth and removing obstructions. It is used simply as any other piece of machinery adapted to the purpose, and may be used on land as well as upon water.

A dredge boat may have an engineer to operate the dredging machine, but it has no officers usually employed on ordinary vessels, nor do such boats generally employ boatmen or seamen, and no one ever heard of a "captain," "crew," "supercargo" or "consignee" of a dredge boat. It has but few qualities, in its relations to the public, possessed by boats which run upon navigable waters. And it can hardly be presumed to be any more within the provisions of this act than a stationary wharf boat, yet its name is embraced within the language of the statute, but no more so than utensils of domestic use. A sail boat used alone for pleasure, and on which no officers or hands are employed, cannot be embraced within the provisions of the statute, although like a dredge boat it may, in terms, be enumerated in the statute. This dredge then not being liable to attachment and sale, neither party acquired any title by their purchase, for want of jurisdiction of the subject matter, and no service being had on the owner, all the proceedings before the court in each case were void.

But plaintiff below was in the possession of the dredge, and it was wrongfully taken from him. He had the right to recover on his prior possession. The pleas were *non cepit*, and property in defendent, neither of which was sustained. Having taken possession under a void judgment and sale, the taking was wrongful, and gave no right to hold the property. Plaintiff in error likewise failed to show title in himself by producing the justice's record and evidence of sale, as it did not show that he thereby acquired any title. The judgment of the court below is affirmed.

*Judgment affirmed.*