McNorton v. Akers.

McNorton v. Akers.

24 369
98 605

24 369
f113 574

1. **Replevin:** PRINCIPAL AND AGENT. A person who purchases and takes possession of personal property subject to mortgages thereon, which he assumes to pay, cannot, in an action of replevin brought in his own name, recover, upon the ground that he is the agent of the mortgagees.

2. —— LOST WRITS OF ATTACHMENT: EVIDENCE. In an action of replevin against attaching creditors whose writs of attachment have been lost, they will be entitled to all the benefits they would have been by having the writs themselves, if their existence and loss be proven; and proof that they were duly issued by the proper officer, is *prima facie* evidence of their sufficiency as to form and seal.

3. —— EXTENT OF JUDGMENT AGAINST SURETIES. In an action of replevin for personal property taken under writs of attachment, it is error, in rendering judgment against the plaintiff, to enter judgment against the sureties in the replevin bond, for the value of goods not levied upon, until after the institution of the replevin suit and the execution of the bond.

4. —— CHARACTER OF JUDGMENT. The successful party in replevin may, at his election, have a money judgment for the value of his right in the property, or for the return of the property. Rev. § 3563.

5. **Evidence:** FRAUD. In the trial of questions of fraud, great latitude is allowed in the admission of testimony tending to show the fraud.

6. **New trial:** CONFLICTING EVIDENCE. The verdict of a jury will not be disturbed where the evidence is conflicting, and of the merits of which it was the peculiar province of the jury to decide.

7. **Appeal to Supreme Court:** REMITTITUR. Where a money judgment has been rendered for too large a sum, the appellee may remit the

McNorton v. Akers.

excess, and judgment will be rendered in the Supreme Court for the correct amount.

*Appeal from Johnson District Court.*

WEDNESDAY, MAY 6.

ACTION of replevin for a stock of dry goods and groceries. They were levied upon by the defendant as the property of W. H. Nicholas, under eighteen attachments, issued at the suit of that number of creditors of said Nicholas. The plaintiff, in his petition, claimed the property as agent of the mortgagees under three mortgages, executed by said Nicholas, to secure the payment of certain loans made by him of other parties; and also as purchaser of the property from Nicholas, subject to such mortgages. The defendant claimed, that the sale to plaintiff was fraudulent as against Nicholas' creditors, and that plaintiff had combined with Nicholas to defraud the creditors of the latter. After the property was replevied, other creditors obtained attachments, and afterward filed a petition of intervention herein. The cause was tried to a jury, which found for defendant, and assessed the value of the property at $17,460, and judgment was rendered against plaintiff and his sureties in the replevin bond for that amount.

*Edmonds & Ransom* and *Fairall & Boal* for the appellant.

*Clark & Haddock, Martin & Murphy* and *N. M. Hubbard*. for the appellee.

COLE, J. — The transcript in this case is unusually voluminous, and counsel have presented and argued a large number of points. We shall only notice those which we deem material, and the dispo-

1. REPLEVIN: principal and agent.

sition of which will settle the substantial rights of the parties in this case.

I. The plaintiff was in possession of the property in controversy at the time the defendant, as sheriff, levied upon it by virtue of the several writs of attachment. In the petition he claims the right to be restored to the possession, of which he had been deprived under the levy of the attachments, by reason of being the agent of Thomas Frank and Catharine McNorton, the mortgagees of the property, and also as purchaser thereof, subject to such liens. The *evidence*, however, shows (leaving out of view now the question of fraud) that the plaintiff purchased the property of Nicholas subject to the mortgages, and that he assumed their payment. Several questions are made in relation to the evidence, instructions and judgment, based upon the right of the plaintiff to replevin the property as agent of the mortgagees, and to protect their rights.

The proof shows that the plaintiff purchased the property and took possession of it as such purchaser; and, having brought this suit in his own name, and not in the name of his principals, he is not in a position to assert or protect the rights of the mortgagees; and hence, there was no error in the rulings of the District Court, rejecting plaintiff's claims in the particulars named, upon the theory of his agency of the mortgagees.

It is proper, however, to remark, that the rights of the mortgagees in the property itself or the proceeds thereof, whether represented by money or by judgment, against this plaintiff or other person, are not prejudiced by this proceeding, but their rights are still preserved to them unaffected by this action, and may be enforced in any manner provided by law or equity.

II. The plaintiff purchased the property in controversy of Wm. H. Nicholas on the 17th day of December, 1866, and took possession thereof on that day. There were

twenty-four suits commenced against said Nicholas by his creditors, in all of which writs of attachment were issued. The writs of attachment in the suits by the following named creditors were issued and served on the 19th day of December, 1866, to wit: John W. Griswold & Co., H. M. Thompson & Co., Whitney Bros. & Co., White Bros., Rosenfels Bros., Chas. V. Whitten, Simon & Strauss, John V. Farwell & Co., Chas. Beardslee, Bros. & Co., Rineman, Gimbel & Co., Kellogg & Coville, and Innis, Converse & Co. The following named creditors obtained their writs and service thereof on the 20th day of December, 1866, to wit: Saunders, Bro. & Co., Dunlap Bros., King, Kellogg & Co., Downer & Co., Eisendrath & Co., and G. A. Garretson. These are the only writs served prior to the replevin of the property by the plaintiff.

After the replevin of the property and its delivery to the plaintiff, the following creditors obtained writs of attachment, which were placed in the hands of the sheriff, the defendant, for service, to wit: George & Hall, J. E. Dixon & Sons, Fargo, Bill & Co., Whittemore, Carter & Brown, each of these on the 22d day of December, 1866, and Seymour Stevenson on the 24th, and Wm. E. Burlock & Co. on the 26th of the same month.

In the cases of Dixon & Sons and Garretson the writs of attachment were lost before the trial of this cause, but their existence was sufficiently proved to entitle the parties to all the benefits they could derive by having the writs themselves. The sufficiency of the writs as to form and seal might well be presumed upon the proof that they were duly issued by the proper officer; at least such proof would make a *prima facie* case as to their sufficiency.

2. — lost writs of attachment: evidence.

Some of the writs issued after the plaintiff had replevied the property (but which writs it is not shown),

McNorton v. Akers.

were levied upon the same property, which was again replevied by the plaintiff. And the other of the writs issued after the first replevin, were simply indorsed by the sheriff, the defendant herein, as levied upon the same property; but no possession thereof was taken under the last named writs or other act done in relation to them.

After the jury had found their verdict for the defendant, and found the value of the goods replevied to be **3. —— extent of judgment against sureties.** $17,460, the District Court rendered judgment against the plaintiff and his sureties in the replevin bond for the whole amount (or nearly so, and to the extent of the value of the goods as found by the jury) of all the attachment creditors' claims, including the claims not levied at the time of the replevin in this case by the plaintiff. In this ruling and action by the District Court, which was duly excepted to at the time, there was error. The judgment should have been only for the amount of the debts and costs due to the creditors whose writs of attachment were served prior to the replevin in this case. The liability of the sureties on the replevin bond could not be increased by the action of other creditors, after the bond was executed and the writ served, without the consent of such sureties.

There are two agreements of counsel embraced in the record, upon which the District Court may have based **4. —— character of judgment.** its action in rendering the judgment held erroneous as above. But those agreements, when fairly construed, do not, in our view, affect the legal rights of the parties in that particular. And the defendant can only recover the value of his right in the property, and that value cannot exceed the amount of the claims for which he held the property when replevied from him. Rev. § 3562; 3 Parsons on Contracts, 302–304, and notes and authorities. There was no error, certainly not to plaintiff's prejudice, in rendering a judg-

ment for money or the return of the property, at defendant's election. Rev. § 3563.

III. There was a petition for intervention filed by five of the creditors, whose attachments were issued subsequent to the replevin by the plaintiff. By agreement of counsel, which was entered of record, and which the subsequent agreement does not waive, no demurrer, answer or other action was to be taken thereon until after the trial of the main issue. No action whatever was taken thereafter in regard to such petition for intervention, and hence no question in relation thereto is presented for our review.

IV. Certain testimony was offered by defendant, as to conversations by plaintiff after this suit was brought with 5. EVIDENCE: the witnesses introduced, as to the opportunity fraud. for buying goods largely on credit and then selling out to a friend, and by such sale avoid paying for the goods and thereby make money. This testimony was duly objected to, and the objection overruled, and such ruling is assigned as error. In view of the great latitude allowed in trying questions of fraud, and the peculiar circumstances of this case, we cannot say there was error in admitting the testimony. See *Deakus* v. *Temple et al.*, 41 Penn. St. 234; *B. & O. R. R. Co.* v. *Hoge*, 34 id.; *Holdrich* v. *Stem*, 17 id. 31. The same may be said as to the testimony, in relation to the plaintiff selling the goods very low, the disproportion of the stock, and the illness and conduct of Nicholas.

V. Upon the questions of fact, as to the value of the goods, and as to the fraud in the sale by Nicholas to 6. NEW TRIAL: plaintiff, there was much conflict in the testi-conflicting evidence. mony; and, although we would have been quite as well satisfied with a verdict the other way, upon both these questions, yet, since the questions were fairly submitted to the jury, their verdict, in such cases of conflict,

of the merits of which it is their peculiar province to judge, becomes binding upon us.

The defendant's counsel have filed in writing an offer to remit any portion of the money judgment, which this court should find erroneous, or in excess of the true and proper amount. A judgment will therefore be entered in this court for the amount of the debts and costs of the attachment creditors, whose writs were levied prior to the service of this replevin; or (at defendant's election) the cause will be remanded to the District Court with directions to enter such judgment. The appellee will pay the costs of this appeal. The judgment of the District Court will, as thus modified, be

