JAMES PEASE, Sheriff, *et al.*

*v.*

JOSEPH B. DITTO.

*Opinion filed February 20, 1901—Rehearing denied April 9, 1901.*

1. APPEALS AND ERRORS—*principles of law announced on the first appeal are binding on second.* Principles of law announced by the Supreme Court on appeal cannot be questioned on a subsequent appeal in the same litigation.

2. REPLEVIN—*language of section 1 of Replevin act construed.* The language, "or person entitled to their possession," used in section 1 of the Replevin act, providing that replevin may be brought for the recovery of goods by the owner or person entitled to their possession, is intended to distinguish between the absolute owner and a person having a qualified or special interest, legal or equitable, in the property.

3. SAME—*mere custodian of mortgaged property cannot maintain replevin.* One appointed by mortgagees of personal property to take charge of the same and sell it under the mortgages cannot main-

tain replevin for the recovery of the property, even though he looks to the property for his pay and intends to wait until after the sale for payment.

4. SAME—*mere naked possession does not entitle party to maintain replevin against trespassers.* Mere naked possession of personal property, held as a mere servant of the owner and without any claim of right as against the owner, does not entitle the party having such possession to maintain replevin against persons who have taken the goods from his possession without right thereto or property therein.

5. SAME—*plaintiff in replevin must recover on strength of his own title.* In an action of replevin a plaintiff must recover upon the strength of his own title, and if such title is denied he has the burden of showing a general or special property in the goods.

6. SAME—*issue raised by plea of property in the defendant.* The issue raised by a plea of property in the defendant is not whether the property is in the defendant, but whether the right of property and the right to immediate possession are in the plaintiff, and the burden of proof is upon the plaintiff to establish such rights.

*Ditto* v. *Pease*, 82 Ill. App. 192, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

This case has been before this court before, and the decision upon the former hearing is reported as *Pease* v. *Ditto*, 185 Ill. 317. When the case was here the first time, it appeared that in the trial court the issues were submitted to the court for decision without a jury; that the finding and judgment of the trial court were adverse to Ditto, the plaintiff below, and in favor of the appellants, who were the defendants below; that Ditto took an appeal to the Appellate Court; that the Appellate Court found the facts differently from the trial court, and reversed the judgment of the trial court without remanding the cause, and entered judgment in replevin in that court in favor of Ditto. In *Pease* v. *Ditto, supra*, it was held that the trial court, having refused to hold that the state of facts disclosed by the proof entitled the plaintiff in the replevin suit, as a matter of law, to the possession

of the property, and the Appellate Court having differed from the trial court as to the state of facts disclosed by the evidence, and having reversed its judgment and entered judgment for the plaintiff, the correctness of the Appellate Court's action depended upon the facts, as that court found them to be from the evidence; and that, in its judgment, the Appellate Court did not make any findings of fact, but mere statements of legal rights, flowing from the existence of facts, or legal conclusions arising out of certain facts. Accordingly, this court reversed the judgment of the Appellate Court, and remanded the cause to that court with instructions to recite in its judgment the ultimate facts, upon which it based the legal conclusion, that the plaintiff below was entitled to the possession of the goods, and had such property and interest therein as entitled him to maintain the action of replevin.

On May 25, 1900, a mandate from this court was filed in the Appellate Court, reversing the former judgment, and remanding the cause to that court with directions to recite in its judgment the ultimate facts as above stated. Accordingly, on June 1, 1900, the Appellate Court, in obedience to the mandate of this court, entered a judgment, in which it made a finding of facts.

The recital of facts, thus made in the second judgment entered by the Appellate Court, is substantially as follows: That on August 16, 1895, Lehman Picard of Chicago executed four notes, payable on demand, one to Strous, Eisendrath & Drom for $1183.95, one to Louis Eisendrath for $500.00, one to Louis Eisendrath for $1275.00, and one to the National Bank of the Republic for $1950.00; that, to secure these notes, Picard on the same day executed and delivered chattel mortgages to each of the payees therein, conveying in each mortgage the same stock of merchandise, part of which was the chattel property described in the writ of replevin in this case; that, immediately and on the same day, the notes and mortgages were placed in the hands of Moses, Pam

& Kennedy, as attorneys for the mortgagees, and on the same day said attorneys employed Ditto, the present appellee, for the purpose of having said mortgages foreclosed and the property conveyed thereunder advertised and sold by him under the terms and conditions of the mortgages; that Ditto was then a county constable, but acted in that behalf only in his individual capacity; that Ditto, upon receiving the mortgages, went to the store of Picard, the mortgagor, in Chicago, Illinois, and took possession of the stock of merchandise described in the mortgages, including the goods in question, closed the store, locked the doors and put his name on the door as agent of the mortgagees, and kept exclusive possession until August 20, 1895; that Ditto, at his own expense and upon his own responsibility, employed a custodian, who remained in charge of the store of goods night and day until August 20, 1895; that, on the day last named, James Sheridan, a deputy sheriff of Cook county, under James Pease, sheriff of Cook county, came to the store and demanded the chattel property described in the writ of replevin in this case, claiming that he had a writ of replevin therefor on behalf of the Hoosier Manufacturing Company, and read to Ditto what purported to be a writ of replevin therefor; that no such writ was offered in evidence and none appears in the record; that the deputy sheriff and the appellee, J. P. Evans, thereupon took the property in question away with them; that Ditto afterwards, under the writ of replevin sued out by him, seized and took back from the sheriff and Evans the property in question; that he afterwards sold all of the property described in the mortgages, including the property in question, for $4600.00, which was paid to him by draft; that he turned over the draft to Moses, Pam & Kennedy, the attorneys of the mortgagees; and that the attorneys thereupon and at the same time paid him $100.00 for his fees, commissions and expenses; that Ditto was to receive compensation for foreclosing and selling the said

property under said mortgages, and looked to the property described in the mortgages for his fees, commissions and expenses in foreclosing and selling the property; that there was no testimony offered by the appellants here, the defendants below, or either of them, to support their fourth and fifth pleas; and that the property described in the replevin writ in this cause was of the value of $600.00 to $700.00.

The declaration in the case, which names, as defendants thereto, James Pease, James P. Evans and the Hoosier Manufacturing Company, contains three counts, the first for wrongful taking, the second for wrongful detention, and the third a count in trover. The pleas in the case at the time of the trial were five in number, viz.: To the first count *non cepit;* to the second count *non detinet;* to the third count not guilty, and to all the counts property in the defendants; and to all the counts property in the Hoosier Manufacturing Company. A sixth plea,—which averred that the Hoosier Manufacturing Company on August 20, 1895, sued out of the circuit court of Cook county a writ of replevin against the National Bank of the Republic, Emil Strous, Louis Eisendrath and Lee Drom, partners as Strous, Eisendrath & Drom, Louis Eisendrath, John Doe and Lehman Picard, in which writ of replevin the defendant James Pease, sheriff, etc.,ʼ was commanded to replevin and deliver to the Hoosier Manufacturing Company the goods and chattels mentioned in the declaration, and which also averred that James Pease, as such sheriff, before the return day of said writ, took the said goods and chattels and detained the same in the execution of said writ, and that the said goods and chattels were the property of the Hoosier Manufacturing Company and not of the plaintiff,—was withdrawn by the defendants by leave of the court before the trial of the case.

The present appeal is prosecuted from the second judgment, so entered by the Appellate Court and mak-

ing the findings of fact above set forth. The Appellate Court at the time of allowing the appeal to this court also granted a certificate of importance. ·

The trial court refused to hold as law a proposition, submitted by the appellee, to the effect that the issues joined were with the plaintiff below, and that the right to the possession of the property, taken under the writ of replevin in this case, at the time of the commencement of this suit, was in said plaintiff.

NEWMAN, NORTHRUP & LEVINSON, for appellants:

If property is held merely by an employee of the mortgagees, such possession is that of those for whom he acts; and the right of action to recover that possession is in the mortgagees, unless the servant has a general or special interest in the property. *Pease* v. *Ditto*, 185 Ill. 321.

Where principles of law have been announced by this court on a former appeal, those announcements become the "law of the case," and cannot be questioned on any subsequent appeal in the same litigation. *Manufacturing Co.* v. *Wire Fence Co.* 119 Ill. 42; *Tucker* v. *People*, 122 id. 583; *Newberry* v. *Blatchford*, 106 id. 591; *Ogden* v. *Larrabee*, 70 id. 510; *Cable* v. *Ellis*, 120 id. 148.

The plaintiff in replevin must recover on the strength of his own title, and where his title is denied, as in this case, the burden of proof is on him to show a general or special property in the goods themselves. *Reynolds* v. *McCormick*, 62 Ill. 412; *Chandler* v. *Lincoln*, 52 id. 74; *Pope* v. *Jackson*, 65 Me. 162; *Dobbins* v. *Hanchett*, 20 Ill. App. 396; *Constantine* v. *Foster*, 57 Ill. 36; *Anderson* v. *Talcott*, 1 Gilm. 365; *Holler* v. *Coleson*, 23 Ill. App. 324; *McIlvaine* v. *Holland*, 5 Harr. 226; 20 Am. & Eng. Ency. of Law, 1054; *Atkins* v. *Byrnes*, 71 Ill. 326.

Appellee was a mere servant and employee of the mortgagees, had neither a general nor special interest in the property, and could not sustain an action of replevin. *Fullerton* v. *Morse*, 162 Ill. 43; *Pease* v. *Ditto*, 185 id. 317.

The replevin suit instituted by appellee is what is known as a cross-replevin, and could not be maintained. Wells on Replevin, (ed. of 1879) sec. 144; Cobbey on Replevin, sec. 1225.

MOSES, ROSENTHAL & KENNEDY, for appellee:

The doctrine that the plaintiff in replevin must recover on the strength of his own title, only applies where the plaintiff's right of recovery is based upon a title. Where, as in the case at bar, appellee's action is based upon a possessory right, and not a title, the rule does not apply, and lawful possession once proven to exist will prevail as against strangers and wrongdoers.

The appellee having had possession of the property rightfully, and his possession having been disturbed by appellants without any evidence of right to or interest in the property, appellee was entitled to maintain his action under the statute. *Fullerton* v. *Morse*, 162 Ill. 43; *Cannon* v. *Kinney*, 3 Scam. 9; *Gauche* v. *Mayer*, 27 Ill. 134; *Simpson* v. *Wrenn*, 50 id. 222; *VanNamee* v. *Bradley*, 69 id. 299; *Cleaves* v. *Herbert*, 61 id. 126; *Davidson* v. *Waldron*, 31 id. 120; *Eisendrath* v. *Knauer*, 64 id. 396; *Persels* v. *McConnell*, 16 Ill. App. 526; *Mulheisen* v. *Lane*, 82 Ill. 117; *Searles* v. *Crombie*, 28 id. 396; *Knisely* v. *Parker*, 34 id. 481; *Bartels* v. *Arms*, 3 Col. 72; *Cummings* v. *Holmes*, 109 Ill. 15; *Ware* v. *Hirsch*, 19 Ill. App. 274; *White* v. *Bascom*, 28 Vt. 281; *Bartleson* v. *Mason*, 53 Ill. App. 644; *McGraw* v. *Patterson*, 47 id. 87.

Appellee was not a mere servant and employee of the mortgagees. He was an agent coupled with an interest, —a bailee of the property,—responsible over to his principals, and could maintain an action of replevin therefor in his own name. *Bartels* v. *Arms*, 3 Col. 72; *Tyler* v. *Freeman*, 3 Cush. 261; *Douglas* v. *Wolf*, 6 Kan. 88; *Eldridge* v. *Sherman*, 70 Mich. 266; Mecham on Agency, sec. 2; Wells on Replevin, sec. 644.

The suit instituted by the appellee was not a cross-replevin, he not having been a party to the first action.

*Ilsley* v. *Stubbs,* 5 Mass. 280; *White* v. *Dolliver,* 113 id. 400; Cobbey on Replevin, secs. 1232-1234; *Boyden* v. *Frank,* 20 Ill. App. 169.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon the former hearing of this cause, reported as *Pease* v. *Ditto,* 185 Ill. 317, we said (p. 321): "In this action chattel mortgages had been executed on the property in controversy, and such mortgages had been placed in the hands of the plaintiff by the mortgagees for the purpose of bringing the property to sale under the terms and conditions of the mortgages. He took possession of the property, and the same was levied upon and taken out of his possession by the appellant Pease, as sheriff. If his control and possession of the property were merely those of a servant or employee of the mortgagees, his possession of the property was that of those for whom he acted, and the right of action to recover that possession was in the mortgagees, unless he had a general or special interest in the property."

Where principles of law have been announced by this court on a former appeal, those announcements cannot be questioned on a subsequent appeal in the same litigation. (*Ogden* v. *Larrabee,* 70 Ill. 510; *Newberry* v. *Blatchford,* 106 id. 584; *Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 119 id. 30; *Cable* v. *Ellis,* 120 id. 136; *Tucker* v. *People,* 122 id. 583). The question, therefore, to be determined upon this appeal is, whether the right to bring this action of replevin under the finding of facts, made by the Appellate Court in its second judgment, was in the mortgagees, holding the chattel mortgages, or in the appellee, Ditto, who was employed by the attorneys of the mortgagees to take possession of the mortgaged property, and advertise, and sell it. Embraced in these questions are the further questions, whether or not the control and possession of the property by the appellee, Ditto, were

merely those of a servant or employee of the mortgagees, and whether or not the appellee Ditto, had a general or special interest in the property.

It is claimed on the part of the appellee that, if he had the naked possession of the property at the time it was taken away from him by the appellants, he was entitled to bring this action of replevin, upon the alleged ground that the appellants, defendants below, having. withdrawn their sixth plea, and having introduced in evidence no writ or other authority, under which they took the property from the appellee, Ditto, were in fact trespassers and *tort feasors*. The broad doctrine is announced by the appellee that, where a person has possession of property, and his possession is disturbed by another person who has no evidence of right to or interest in the property, the person, whose possession is thus disturbed, is entitled to maintain the action of replevin under the statute. Section 1 of the Replevin act of this State provides "that, whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken, or shall be wrongfully detained, an action of replevin may be brought for the recovery of such goods or chattels by the owner or person entitled to their possession in any court of competent jurisdiction." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3373).

In *Fullerton* v. *Morse*, 162 Ill. 43, it was held as follows: "The language of the statute, 'or person entitled to their possession,' is declaratory of the common law, and intended to distinguish from the absolute owner a person having a qualified or special interest, legal or equitable, in the property itself." In order, therefore, to determine whether the appellee, Ditto, was entitled to possession of the mortgaged chattels in such sense as to justify him in bringing an action of replevin in his own name, it must be determined whether he had a qualified or special interest, legal or equitable, in the mortgaged property, it being conceded he was not the absolute owner thereof.

It is difficult to understand how, under the facts as found by the Appellate Court, the appellee, Ditto, could have had a qualified or special interest, legal or equitable, in the property. He was a mere servant or employee of the mortgagees. As was said in *Fullerton* v. *Morse, supra*, he was responsible to the mortgagees "only for the performance of his duty as agent, and interested only in the compensation for his services as such." The parties, who were in possession of the property, were the mortgagees named in the mortgages, and the appellee, Ditto, was merely their servant for the purpose of holding the property, and selling it under their orders, or under the orders of their attorneys. Appellee's employment was at most an employment at the mere pleasure of the attorneys of the mortgagees. He could have been discharged at any moment, and another person could have been employed in his place. In his work on Replevin, Cobbey (2d ed. sec. 150) says: "A servant, who has the goods of his master which he must surrender on demand, cannot sustain the action; it should be brought by the master."

The terms and conditions of the mortgage are not set out in the findings of fact by the Appellate Court, and it nowhere appears that the mortgagees attempted to give appellee any lien or interest in the property, nor is it shown that they had any power under the mortgage to invest him with such a lien or interest. The persons, who in the books are said to have such a special property in goods as to justify them in maintaining trover or replevin therefor, are for the most part such persons as are entitled under the law to a lien upon the goods, such as carriers, factors, warehousemen, consignees, pawnees, trustees, agisters of cattle, etc. Special property in a strict sense has been said to consist in the lawful custody of the goods with right of detention against the genuine or absolute owner. (*Eisendrath* v. *Knauer*, 64 Ill. 396). "A specific or particular lien can arise only (1) by an express

contract; (2) by usage or custom of trade; (3) by implica-
tion of law; or (4) by statute." (13 Am. & Eng. Ency. of
Law,—1st ed.—p. 576). No lien existed here in favor of
the appellee upon the mortgaged goods, either by ex-
press contract, or by usage or custom of trade, or by im-
plication of law, or by statute. He certainly had no lien
for his services or commissions in selling the goods, as
he was not a general agent or factor of any kind. (*Eisen-
drath* v. *Knauer, supra*). Nor, under the finding of facts
made by the Appellate Court, did he regard himself as
entitled to any such lien, for, upon making the sale, he
paid over to the attorneys the money realized from the
sale without undertaking, or claiming the right to, retain
any of such proceeds for his commissions. It does not
appear that the payment, which was made to him, was
made out of such proceeds. The mere fact, as stated
in the findings of fact, that he looked to the mortgaged
property for his fees, commissions and expenses did not
give him a lien thereon, even though he intended to wait
until after the sale was made before he asked for the
payment of his commissions.

Counsel for appellants recite a number of cases, which
are claimed to hold that mere naked possession of per-
sonal property will entitle the party having such posses-
sion to bring an action of replevin, as against a person
who takes the property from his possession without any
right thereto or property therein. It will, however, be
found, upon an examination of these cases, that they refer
to a possession held under a claim of right by the party
having the possession, and not a possession which is
held by the mere servant or employee of the real owner.
Wells, in his work on Replevin, (ed. of 1879, sec. 115),
says: "The simple possession of chattels, without other
title, is regarded a sufficient evidence of ownership to
sustain an action against one who wrongfully usurps
possession; but this must be possession by the plaintiff
in his own right, and under a claim of right, not as ser-

vant of another." The same author, (sec. 644), says: "A mere servant who has possession of goods by delivery from his master, which the master may at any time put an end to, has not such property or right of possession as will enable him to sustain this action.".

It is impossible for us to review all the cases, quoted upon this point in the argument of counsel, but several decided by this court may here be referred to. In *Knisely* v. *Parker*, 34 Ill. 481, a plaintiff in an action of replevin was held to have the right to recover on his prior possession, but such prior possession was taken under and by virtue of a judgment and sale; and although the judgment and sale were void, yet there was claim of ownership thereunder by the plaintiff in his own right. In *VanNamee* v. *Bradley*, 69 Ill. 299, a woman, who was the plaintiff in replevin, was held entitled to recover upon the strength of her prior possession of property through her agent, but the proof tended to show that she had purchased such property with her separate means, and claimed the same as her own, when it was seized by the sheriff as the property of her husband under an execution against him. So in *Cummins* v. *Holmes*, 109 Ill. 15, it was held that, where chattels were taken from one without legal authority, his prior possession was sufficient to warrant a recovery against the tort feasor, but it there appeared that the plaintiff in the action of replevin was a mortgagee in possession of the mortgaged property, and it was said that such plaintiff had the right of possession, as against the mortgagor and his creditors, whether the mortgage was valid or not, until the right was challenged in some mode known to the law. In that case, the plaintiff claimed to hold the possession as mortgagee under a mortgage, and not as the servant or agent of another person.

It is well settled that, in an action of replevin, a plaintiff must recover upon the strength of his own title, and, where his title is denied, the burden of proof is upon him

to show a general or special property in the goods themselves. (20 Am. & Eng. Ency. of Law,—1st ed.—p. 1054; *Chandler* v. *Lincoln*, 52 Ill. 74; *Reynolds* v. *McCormick*, 62 id. 412). In the case at bar, the fourth and fifth pleas filed by the defendants below were pleas of property in the defendant and property in the Hoosier Manufacturing Company. The allegation of property in the defendant is mere inducement to the formal traverse of right of property in the plaintiff. The question, raised by a plea of property in the defendant, is not whether the property is in the defendant, but whether the right of property and the right to immediate possession are in the plaintiff. Under such a plea, the plaintiff must recover on the strength of his own title, and the burden of proof is upon him to establish his right. (*Anderson* v. *Talcott*, 1 Gilm. 365; *Chandler* v. *Lincoln*, *supra; Constantine* v. *Foster*, 57 Ill. 36; *Reynolds* v. *McCormick*, *supra*). Here, however, the appellee, Ditto, showed no title or right of property in himself, save so far as he was the servant or agent of the mortgagees for whom he was acting.

It has been held in a number of cases that, where a sheriff levies upon personal property and delivers it to another person for safe keeping, such other person being called a receiptor because he executes a receipt for the property, the receiptor was not thereby constituted a bailee of the property, but a mere servant of the sheriff without any legal interest in it; and that such receiptor, having neither the general nor special property, cannot maintain replevin or trover. (*Ludden* v. *Leavitt*, 9 Mass. 104; *Commonwealth* v. *Morse*, 14 id. 216; *Dillenbach* v. *Jerome*, 7 Cow. 293; *Norton* v. *People*, 8 id. 136; *Mitchell* v. *Hinman*, 8 Wend. 667; *Harvey* v. *Lane*, 12 id. 563; *Knapp* v. *Miller*, 6 Johns. 195; *McNorton* v. *Akers*, 24 Iowa, 371). The position, here occupied by the appellee, Ditto, is in our opinion, neither more nor less than the position of the ordinary custodian or receiptor, to whom property is delivered for safe keeping.

A contrary doctrine to the one here announced would encourage a resort to devices for avoiding the statute of this State in regard to replevin. Section 4 of the Replevin act provides, that the person, bringing such action, shall file an affidavit that the property replevied by him has not been "held by virtue of any writ of replevin against the plaintiff." (3 Starr & Cur. Ann. Stat.—2d ed. —p. 3376). This property may have been taken by the appellants under a writ of replevin running against the mortgagees for whom Ditto was acting, and if appellee's position can be maintained, such mortgagees could re-re-plevy the property by resorting to the device of making their custodian a plaintiff. If the Hoosier Manufacturing Company had begun an action of replevin against such mortgagees and taken the property, the mortgagees themselves under the statute could not replevy the property back from the Hoosier Manufacturing Company. The mortgagees could not swear, in commencing their action of replevin, that the property replevined by them had not been held by virtue of any writ of replevin against themselves. But, if the mere custodian or servant of the mortgagees can commence an action of replevin which they themselves could not commence, then the requirement of the statute could be evaded by the use of the name of such servant or employee. In other words, the principals or real parties in interest could evade the statute by acting under the name of a mere servant, instead of acting in their own names. This would be a clear violation of the law.

For the reasons above stated, we are of the opinion that the Appellate Court incorrectly applied the law to the findings of facts made by it, and erred in reversing the judgment of the trial court and entering judgment in favor of appellee, Ditto, the plaintiff in the trial court.

Accordingly the judgment of the Appellate Court is reversed, and the judgment of the superior court of Cook county is affirmed.                    *Judgment reversed.*