## John Wiemer, Defendant in Error, v. George W. Temple, Plaintiff in Error.

1. REPLEVIN—*upon what recovery must be predicated.* A plaintiff in replevin can only recover upon the strength of his own title and the burden is upon him to establish his right.

2. INSTRUCTIONS—*must not ignore material issue.* An instruction which concludes with a direction to find a verdict one way or another, must not exclude from consideration any material issue of the case.

3. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions are improper where their hypotheses are unsupported by evidence in the cause.

Replevin. Error to the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 24, 1908.

MILES K. YOUNG and ED PEIRCE, for plaintiff in error.

HART & FLEMING, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin by John Wiemer against George W. Temple for the recovery of the possession of a lot of household goods and furniture, the title to which is claimed by Weimer by virtue of a bill of sale from one Albert Henninger. A trial by jury resulted in a verdict and judgment in favor of Wiemer, whereupon Temple sued out this writ of error. The declaration charges the wrongful taking and detention of the property. The pleas upon which issue was joined were of property in the defendant in Albert Henninger and that the chattels were held by the defendant in pledge.

There is evidence tending to show the following facts: One William K. Bracken owned a house and lot in Normal, Illinois, which was subject to mortgages

aggregating $3,250, together with certain household furniture used therein. The premises were occupied by Temple and were used as a boarding house under a contract with Bracken by the terms of which Temple was authorized if the opportunity arose to sell the property, both real and personal, for $6,500. In the event of his being able to do so he was to receive as commissions the sum of $300. Albert Henninger was a real estate broker and had in his hands for sale a farm of 120 acres in Mason county, Illinois, which he was authorized by the owner, George Henninger, his uncle, to sell at $75 an acre, his commissions to be $1 an acre. The farm was heavily encumbered by mortgages and George Henninger was otherwise indebted to practically the full value of the equity of redemption. Negotiations for the exchange of the two properties were begun between Albert Henninger and Temple acting for the respective owners. Such efforts were unsuccessful and arrangement was thereupon entered into between all the parties including Temple, whereby George Henninger was to deed his farm to Albert Henninger upon condition that Albert and Temple would furnish such sum as might be necessary to pay the unsecured indebtedness of George Henninger; that upon such conveyance the farm should be traded to Bracken for the Normal property and furnishings. Temple claimed that it was agreed between him and Albert Henninger that the property so acquired by them should be owned by them equally; that the title to the Normal real estate was to be conveyed to and held by Henninger, and that the title to and the possession of the furnishings should remain in Temple until such time as the entire property could be sold to advantage, when upon an accounting between them Temple was to be charged with one-half of the money advanced by Henninger in futherance of the deal.

Henninger contends that no such agreement was made but that prior to the consummation of the trade

he made a conditional offer of sale to Temple of one-half interest in the property; that Temple had never accepted the same or made payment for such interest and that after having made repeated efforts to induce Temple to comply with such conditional sale, he sold the property to defendant in error. Be that as it may, the farm was thereafter conveyed to Albert Henninger who exchanged the same with Bracken for the city property. A bill of sale for the furnishings was made to Henninger and delivered to Temple who remained in possession of the property and continued to use the same in connection with the boarding house until the issuance of the writ herein. At the time when the deed and the bill of sale were delivered Temple, who was sick and unable to be present, wrote to Albert Henninger saying: "In regard to the Normal deal I will say that you had better send me a written statement as to my half interest in that property and after the deal is closed you can give me a deed to a half interest in the equity." In reply Henninger wrote a letter to Temple which was introduced in evidence as "Exhibit A" and reads as follows:

"MASON CITY, ILLINOIS, June 21, 1906.
GEORGE W. TEMPLE, ESQ., Bloomington, Illinois,

DEAR SIR: I hereby acknowledge that you have an undivided one-half interest in the residence property situated at 306 West Ash Street, Normal, Illinois, and in the furnishings within said residence itemized in a certain bill of sale made to me by W. K. Bracken, that I shall execute a warranty deed to you at such time as a settlement is made of such amount as shall be due me in the acquiring of the property above. To fully protect you I shall have deed made out at once to be delivered to you in case of my death upon a proper accounting. Yours very truly, A. E. Henninger."

Some time thereafter a settlement was had between Bracken and Temple of their accounts, growing out of the joint operation of the boarding house, in which Bracken allowed Temple credit for $100 upon a balance found to be due him from Temple. On December

1, 1906, Henninger sold the premises and furnishings to Wiemer, the defendant in error. Temple refused to deliver possession either of the house or furnishings, whereupon Wiemer instituted the present action.

It will be seen that the issue as to the title and right to possession of the property replevied at the time of the issuance of the writ was the controlling one in the case, for under Temple's version of the contract he being at the time the owner of an undivided one-half of the property was a tenant in common with Henninger of the same and his possession was that of both, in which case replevin would not lie even at the suit of Henninger. Cobby on Replevin, sec. 231. It was essential under the pleadings that defendant in error should recover on the strength of his own title and the burden was upon him to establish his right. Pease v. Ditto, 189 Ill. 456. His title, if any, was derived solely from Henninger and was no better.

Conceding that the original agreement was as contended by Henninger, "Exhibit A" tended to show a waiver of the alleged condition that the title was not to pass until the consideration was paid. By the second and third of plaintiff's instructions the court told the jury that if they believed from the evidence that the terms of the contract were as insisted by Henninger before Temple could claim his goods under such contract it was necessary that he should have paid or tendered the consideration to Henninger, and unless they believed that he did so pay or tender the consideration, no title passed to him by virtue of said contract and their verdict should be for the plaintiff. Such instruction while directing a verdict ignored the question of waiver and was erroneous. By the 7th and 9th instructions the court further directed the jury that if Temple without the knowledge of Henninger received or was to receive either directly or indirectly any compensation from Bracken for services in the trade, then his claim on the property was illegal and invalid. Bracken testified that he told Temple that the contract

between them for commissions did not apply to an exchange of the property and that he would pay no commissions and for Temple to get his compensation from the other party. He further testified that he gave Temple the credit for $100 upon his account voluntarily and not as commissions; that Temple had lost money and was in debt to him by reason of having operated the boarding house, and that the credit was in the nature of a gift. Temple testified to the same effect and further that he did not expect any commissions from Bracken. Under the foregoing evidence the court was not warranted in giving the last mentioned instructions which doubtless misled the jury.

For the errors indicated the judgment of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*