## John Wiemer, Defendant in Error, v. George W. Temple, Plaintiff in Error.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review if substantial justice has been done.

Replevin.  Error to the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.  Heard in this court at the November term, 1909.  Affirmed.  Opinion filed October 18, 1910.

MILES K. YOUNG and EDWARD PEIRCE, for plaintiff in error.

HART & FLEMING, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the County Court of McLean county against the defendant in an action of replevin for the possession of certain household goods and furniture.  The record of a former judgment against the defendant in the same action was reviewed by this court upon a writ of error and said judgment was reversed and the cause remanded.  Weimer v. Temple, 145 Ill. App.

498. The main facts in the case are sufficiently stated in the former opinion of this court.

The former judgment was reversed because of the error in certain given instructions which ignored the question of waiver and the giving of certain instructions bearing upon a question which was wholly immaterial under the issues involved.

The claim by the defendant to the right of possession of the property in question was based upon an instrument in writing executed by one A. E. Henninger designated in the former record as "Exhibit A" and in the record of the last trial as "Exhibit C". The construction of this instrument was a question of law for the court and while in some of the instructions given at the instance of the plaintiff the construction of said instrument was erroneously submitted to the jury no harm resulted to the defendant because the construction which the jury necessarily placed upon said instrument by their verdict is in conformity with the law applicable thereto. Construing the instrument in its entirety it constituted a proposal or offer by Henninger to the defendant to sell to the latter an undivided half interest in the property involved upon the payment by him to Henninger of such amount as might be due to Henninger in the settlement of a transaction wherein said parties were concerned, or as a sale by Henninger of an undivided one-half interest in said property to the defendant to be finally effected and consummated when the latter had paid to Henninger the amount found to be due upon such settlement.

The jury were fully warranted in finding from the evidence that although he had been frequently requested and solicited by Henninger to make settlement the defendant on various pretenses neglected and refused so to do; that at the time the defendant acquired possession of the property in question he intended to hold the same without making any settlement with

Henninger; that a settlement of their transactions between the defendant and Henninger would have required the payment by the defendant of a considerable sum of money which he was wholly unable to pay; and that in consequence thereof Henninger elected to rescind said contract of sale or proposal to sell.  In this state of the record the merits of the controversy here involved appear to be wholly with the plaintiff, and while the record is not free from error as regards the action of the court in giving and modifying certain instructions we are fully persuaded that no harm could have thereby resulted to the defendant, and that this controversy should now cease without further litigation which must almost necessarily finally result in favor of the plaintiff.

The judgment of the County Court will therefore be affirmed.

*Affirmed.*