## James B. Agnew, Appellee, v. Henry Baker and Orville Baker, Appellants.

### Gen. No. 6,329.

1. REPLEVIN, § 124*—*when evidence sufficient to show former possession by plaintiff.* The evidence *held* to warrant the finding that plaintiff took possession and charge of an automobile on the street where certain parties had left it, in an action of replevin for the machine.

2. REPLEVIN, § 17*—*when person taking possession of property of third person has sufficient title to maintain action of.* Where supposed thieves left an automobile in the street and it was taken possession of by another person, *held* that such person acquired a right and title to such automobile which would support an action of replevin by him against a third party to whom he had delivered the automobile for repairs, whether it was technically abandoned or lost by the owner or not.

3. BAILMENT, § 14*—*when bailee may not deny title of bailor.* A bailee may not for his own benefit deny the right of the bailor or avail himself of the title of a third person, though the latter be the true owner.

4. COSTS, § 2*—*when judgment awarding all costs against defendants proper.* The awarding of the entire costs of a suit on judgment against the defendants, notwithstanding an amendment of the pleadings by the plaintiff prior thereto was allowed on his paying the costs to that date, *held* not error.

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

CHARLES C. MCMAHON, for appellants.

A. M. BLODGETT, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

On October 15, 1916, three men supposed to have robbed the post office at Durant, Iowa, were in a new

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ford automobile crossing the bridge from Lyons, Iowa to Fulton, Illinois, pursued by public officers. One of them left the car while on the bridge. The other two reached the public street in Fulton where their car was accidentally disabled, and they left it and escaped. The appellee, James B. Agnew, who was a railroad station agent at Fulton, and an alderman of the city, was among the first to congregate at the spot where the car stopped. He says he told Elmer Van Dellen, an employee of the appellants, Henry and Orville Baker, garage keepers at Fulton, to repair the car so it would run on its own power, and take it to appellants' garage. Van Dellen says he told him to take it off the street and he supposes he understood that he would take it to that garage. The car, while on the street, was put in running order and taken to appellants' garage, and there kept about three months. It was at first supposed that it was a stolen car and that the owner would soon be found; and though there was much publicity and some inquiry the owner was not discovered. Appellee offered to pay appellants the repair and storage bill, which they did not accept, and, finally after demand and refusal of possession, he brought this action of replevin, which was tried before the court without a jury resulting in a judgment for the plaintiff, from which this appeal is taken.

The court found the law, as requested by appellants, that the question was not whether the property is in the defendants, but whether the right of property and the right to immediate possession was in the plaintiff, and that the burden was on the plaintiff to establish such rights; that he must recover, if at all, upon the strength of his own title, and that one who is not the absolute owner of chattels cannot maintain an action of replevin in his own name for such chattels unless he has a qualified or special interest, legal or equitable, in them, and that the mere naked possession of personal

property held as the mere servant of the owner and without any claim or right as against the owner does not entitle the party having such possession to maintain replevin against said persons who have taken the goods from his possession without right thereto or property therein.

The controlling question is one of fact. If appellee took possession of the car on the public street and delivered it to appellants they could not refuse to return it to him. If, on the other hand, appellants took the car from the street at the request of appellee for the mere purpose of getting it off the street, then whether appellee was making the request as an alderman of the city or as a suggestion by a bystander he thereby acquired no right of possession or control of the property. We are of the opinion that the evidence warranted the court in the conclusion that appellee took possession and charge of the car on the street and sent it to appellants' garage to be there kept for him, or at least that we cannot say that such a finding of fact was so manifestly against the weight of the evidence as to justify a reversal on that ground.

Appellants claim that even conceding appellee took possession of the car and turned it over to them, still he had only the naked possession of the car and was in the position of a servant of the real owner without any claim of right against him, and rely on *Pease v. Ditto,* 189 Ill. 456, in support of that contention. In that case it was held that Ditto was merely the servant of the owners for the purpose of holding the property and selling it under their orders, and that his possession was not such as to enable him to maintain replevin. The court quotes with approval from Cobbey on Replevin: "A servant who has the goods of his master, which he must surrender on demand, cannot sustain the action. It should be brought by the master." And Wells on Replevin: "The simple posses-

sion of chattels without other title is regarded sufficient evidence of ownership to sustain an action against one who wrongfully usurps possession, but this must be possession by the plaintiff in his own right and under a claim of right, not as servant of another. * * * A mere servant who has possession of goods by delivery from his master, which the master may at any time put an end to, has not such property or right of possession as will enable him to sustain this action.''

At common law one who finds or appropriates a lost chattel not buried in or attached to the soil acquires the title thereto and the right to possession thereof against all the world except the true owner. (19 Cyc. 534.) The first finder who appropriates the chattel found and then loses it has a superior title to that of a subsequent finder against whom the first finder's rights can be enforced. Id. 537. ''The finder is only the apparent general owner of the thing found, under an uncertain or contingent title which may be defeated by the discovery of the true owner.'' Id. 538.

We are of the opinion that appellee in taking possession of the automobile and attempting to take charge of it until it might be called for by the owner acquired a right and title upon which he could found this action, and this without regard to the question whether the owner had abandoned or lost the car within the technical meaning of those words.

But there is another rule of law that controls the decision of this case. As a general rule a bailee may not, for his own benefit, deny the right of the bailor or avail himself of the title of a third person, although that person be the true owner. (5 Cyc. 172.) He cannot claim title in himself or title in another except that he may show as against the claim of the bailor that he has been deprived of the property by process of law or has yielded possession to one having paramount

title, or that he is defending on the title and right and by the authority of a third person. (6 C. J. 1108.) Where a bailor shows that he deposited money and valuables with a bailee, it is wholly immaterial how such bailor acquired the property deposited. (*Stern v. Welensky*, 182 Ill. App. 417.) A carrier is the agent of the consignor from whom he receives the property, and he is not at liberty to dispute his title in an action brought by him. *Great Western R. Co. v. McComas*, 33 Ill. 185. See also *Simpson v. Wrenn*, 50 Ill. 222, and *Equitable Trust Co. v. Burley*, 110 Ill. App. 541. It follows from these authorities that if appellants are held, as matter of fact, to have accepted the car from appellee, then as matter of law they cannot be heard to deny his right to its possession.

Before the judgment was entered, but at the same term, the plaintiff had leave to amend his pleadings on condition that he pay the taxable costs up to that date. The judgment for the plaintiff ignored that provision as to costs and was rendered against the defendants for the entire costs of suit. It was very likely an inadvertence, but it was entirely within the power of the court to set aside the first order as to costs at the term at which it was entered. The final judgment did that, and we cannot say that it was not properly done. The court could have allowed the amendment without terms if he had seen fit, and for anything we can know he may have concluded at the time of the final judgment that it should have been so done, and therefore revoked his prior order.

Finding no material error in the record the judgment is affirmed.

*Affirmed.*