## Augustus C. Bartleson v. Hugh A. Mason.

1. REPLEVIN—*Justification Under Judgment and Execution.*—Where in an action of replevin the defendant justifies the taking by virtue of an execution, he must procure in evidence the execution, and a valid judgment upon which it is founded.

2. SAME—*Prior Possession Sufficient to Maintain the Action.*—As against a wrong-doer, prior possession alone is sufficient to enable a plaintiff to maintain replevin. If the right of the plaintiff is better than that of the defendant, whatever it may be with regard to others, possession is sufficient evidence of right against every one who is neither the true owner nor rightfully possessed.

3. SAME—*Property in a Third Person.*—M. bought timber of A. and hired L. to make it up into posts, which he did. B. under an execution against L. for debt, levied upon the posts, taking them from the possession of M., who replevied them. B. pleaded property in H. & H., and offered to show that the posts had in fact been cut from timber taken from the land of H. & H. *It was held,* that even if the posts belonged to H. & H., M. was responsible for their custody, and his actual possession, until disturbed by the owners, was sufficient to enable him to hold the property against B.

4. SAME—*Proving a Different Title from that Stated in the Affidavit.*—In an action of replevin, where ownership and right to possession are both alleged in the affidavit, if it be proved that the plaintiff is entitled to the possession of the property, that is sufficient without proof of the allegation of the actual ownership contained in the affidavit.

**Memorandum.**—Replevin. Appeal from the Circuit Court of Pulaski County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

L. M. BRADLEY and J. B. CRANDALL, attorneys for appellant.

BOYD & WALL, attorneys for appellee.

Bartleson v. Mason.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Hugh A. Mason, appellee, having a contract to furnish 16,000 fence posts to the Big Four Railroad Company, bought sufficient timber of one Albright to make 3,000 posts, and hired Lamply to make them and paid Albright for the timber and Lamply for the work; the evidence justified the court in finding that, at the time of the levy hereafter mentioned, Mason was in the actual, peaceable possession of the posts, and that if the posts had been wrongfully made on the land, and from the timber of another than Albright, Mason was not in any manner a party to, or responsible for, the wrong, except as the law might hold him to an account in some civil suit for the act of his agent, Lamply, who had made the posts.

At this time Lamply owed appellant $19.50, and appellant caused the posts to be levied upon for the satisfaction of this claim, by a constable who pretended to act under an execution against Lamply. Neither execution nor judgment was offered in evidence, and the vague references to the same in the testimony of the witnesses can not be taken as proof of their existence or sufficiency. Notice of sale was given by the constable. One notice was posted at Oaktown, and under this Mason posted a notice forbidding the sale, and stating that the posts were his property. Mason gave appellant personal notice that he claimed the posts, asserting that he had bought the timber and paid for it and so owned the property.

Appellant answered that he believed appellee was endeavoring to help Lamply "beat" him out of $19.50, and asserted that he would have his money out of those posts. Appellant bought the posts at the sale for a small part of their actual value. Afterward appellee brought this action of replevin against appellant for the recovery of the posts. On appeal to the Circuit Court, the case was tried by the court without a jury, and judgment was rendered in favor of appellee. No propositions of law were presented or passed upon.

There is no evidence in the record to show any personal

fraud or wrong-doing on the part of appellee. Neither is there any evidence to show that Lamply had any interest in the posts at any time. In the light of the fact that no judgment or execution appears in evidence, and of the further fact that Lamply did not own the posts, or have any interest therein, it is manifest that appellant took the posts as trespasser as against one who had the actual possession, even though he might not be the true owner thereof.

And now this statement suggests the defense. Appellant claimed at the trial that the posts were made from timber on the land of Hogan and Halliday; that appellee was not therefore the owner of the posts, and that this fact was an insuperable obstacle to his recovery in an action of replevin.

Appellant offered some evidence which tended to show that he took possession of the posts and held them as the agent of Hogan and Halliday. The court must have held, and very properly, as we think, that the evidence did not establish this proposition, but that, on the contrary, the evidence showed that appellant took the posts under a pretended execution for the satisfaction of his claim against a third person, and held them under the pretended sale for his own benefit, and not as the agent of Hogan and Halliday.

At this point appellant offered to prove by certain witnesses that the posts were made from timber on the land of Hogan and Halliday, which was adjacent to Albright's land, and that the timber was knowingly stolen by Lamply from Hogan and Halliday's land. The court inquired of appellant's counsel whether or not they had offered all the proofs they had, or were able to make, tending to connect appellant with the title of Hogan and Halliday, to which question an affirmative answer was returned.

Thereupon the court refused to hear the evidence offered, and this is the alleged error relied upon for the reversal of the judgment.

Authorities have been cited to show that a defendant, in an action of replevin, may plead property in a third person,

traversing at the same time the plaintiff's ownership, and that the plaintiff is thereupon required to prove his ownership of the property, or fail in his suit. Such is undoubtedly the law in a proper case. But suppose A hires B's horse, and C takes the horse for a claim against D, can C defend an action of replevin brought by A, by pleading that the horse is B's property, and requiring A to prove ownership before he can recover possession of the property? Certainly not. Furthermore, the principle would be the same in the case supposed if E had stolen the horse from B, and had sold it to A without any knowledge of the theft on A's part. In such case it is true that B could recover the horse from A, who could not hold stolen property, even as a purchaser for value in good faith; but if B sees fit to allow A to retain the actual, peaceable possession of the animal, why should C have the right to intermeddle and to take the animal for his claim against D, who has no interest in the animal of any kind whatever?

In this suit, even if the posts belonged to Hogan and Halliday, appellee was responsible for their custody, and his actual possession, until disturbed by the owners, was sufficient to enable him to hold the property against a mere trespasser. The law has been so declared by the Supreme Court of this State.

In Wheeler v. McCorristen, 24 Ill. 40, the defendant filed a plea of property in Kilduff, a third person. The court say: "In this case the defendant below did not, in his plea, justify the taking of this property under an execution, or other process, against Kilduff, or any one else. We have a right, then, to suppose he did not so take it, and all evidence of an execution was properly rejected. It follows, then, if there was no execution, the defendant showed no right to disturb the plaintiff in his peaceable possession of the property. Suppose it was Kilduff's property; if the defendant had no process to seize it, the plaintiff had the right to keep the possession of it, until ousted by the true owner."

In Van Namee v. Bradley et al., 69 Ill. 299, it was held that as against a wrong-doer, prior possession alone is suffi-

cient to enable a plaintiff to maintain replevin; that if the right of the plaintiff is better than that of the defendant whatever it may be with regard to others, possession is sufficient evidence of right against every one, who is neither the true owner nor rightfully possessed.

In Cummins v. Holmes et al., 109 Ill. 15, it was held that where chattels are taken from one without any legal authority, his prior possession is sufficient to warrant a recovery against a *tort feasor*. Other authorities bearing upon the question are Searles v. Crombie, 28 Ill. 396, and Knisely v. Parker, 34 Id. 481.

In conclusion, it is only necessary to add that we think the court did not err in refusing to hear the evidence offered. The court, sitting as a jury, had to pass upon the weight as well as the admissibility of the evidence; and so, when all the evidence tending to show that appellant took or held the property as the agent of Hogan and Halliday had been heard, the court had the right to weigh this evidence, and, upon finding it insufficient, to refuse to hear other evidence upon points which could in no manner affect the decision.

But it is said that the affidavit upon which the replevin writ was issued alleged both ownership and right of possession, and that therefore, absolute ownership must have been proved to authorize a recovery. We can not accept this view of the law. An affidavit under the attachment act may set forth more than one of the nine causes for attachment specified in the statute, but it is sufficient to sustain the attachment, if one cause be sufficiently alleged and proved. Lawver v. Laughans, 85 Ill. 138. So in a case like the one before us, if it be proved that the plaintiff is entitled to the possession of the property, that is sufficient, without proof of the allegation of actual ownership.

There is no error in the record calling for a reversal of the judgment, and the judgment is therefore affirmed.