JOHN M. FULLERTON

*v.*

JOSEPH H. MORSE.

*Filed at Springfield June 11, 1896.*

1. REPLEVIN—*action cannot be brought in name of agent.* One whose only interest in chattels is a naked authority from a mortgagee to take possession and foreclose the mortgage is an agent only, and cannot maintain replevin *in his own name* against a constable who has taken the property on execution.

2. SAME—*right to foreclose not separable from mortgagee's interest.* A mortgagee's right to foreclose upon chattels is not separable from the interest in the property acquired through the mortgage, so as to be transferable to another.

3. SAME—*language of the Replevin act construed.* The provision of the statute (Rev. Stat. 1874, p. 1102, sec. 1,) that replevin may be brought for chattels by "the person entitled to their possession," is declaratory of the common law, and intended to distinguish a special interest in the property from absolute ownership.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

MOORE & WARNER, for appellant.

R. A. LEMON, E. J. SWEENEY, and GEORGE K. INGHAM, for appellee.

Per CURIAM: After a careful consideration of this case we have arrived at the same conclusion as that reached by the Appellate Court, and are satisfied with the reasons given for the decision as set forth in the following opinion of that court delivered by Mr. Presiding Justice PLEASANTS, which opinion is here adopted:

"This was an action of replevin, brought against appellee, a constable, who had levied on the property in controversy under process against the mortgagor in possession and before condition broken. By stipulation of the parties it was tried without written pleadings, by the court, without a jury. The issues were found and judgment given for the defendant.

"It appears that after the levy was made which was a breach of the condition of the mortgagor's right to retain possession as against the mortgagee and authorized a foreclosure, the plaintiff was appointed by the mortgagee, Mrs. Sarah D. Swayne, a resident of McLean county, to take possession and sell under the provisions of the mortgage, which was, that in case of breach of the conditions it should be lawful for the mortgagee, or her 'agent or attorney, her heirs, executors or administrators,' to take possession of said goods and chattels to and for the use of said mortgagee, etc., and that 'the exhibition

of this mortgage shall be sufficient proof that any person claiming to act for the mortgagee is duly made, constituted and appointed agent and attorney to do whatever is above authorized.' It is not claimed that appellee wrongfully took the chattels in question. He was a constable *de jure*, his executions were regular, and the mortgagee had such an interest as made them liable to the levy. But appellant exhibited to him the mortgage and note secured by it, and demanded the goods of him in writing, and it is said that he thereby became 'entitled to their possession,' so that the refusal to deliver it was a wrongful detention, and he could maintain this action in the *detinet* under the statute. (Rev. Stat. chap. 119, sec. 1.) Whether he was shown by the evidence to be so entitled is the only question in the case.

"It is substantially conceded that his title was not such as the common law required to maintain the action in his own name. He had never been in possession, even as agent, and therefore was never responsible for it to anybody. He made no claim of property, general or special, or any interest, legal or equitable, in the goods themselves. He testified that 'he had no personal interest in the property,' nor any more authority as agent than that conferred in the manner and to the extent above stated. That empowered him to foreclose for the benefit of his principal and in her name—not otherwise. She could not sever her right to foreclose from her interest in the property, and transfer it, naked, to another. But in his written demand and these subsequent steps he wholly ignored her, and proceeded in his own name and as in his own personal right. He was responsible to her only for the performance of his duty as agent, and interested only in the compensation for his services as such.

"We are of opinion that the language of the statute, 'or person entitled to their possession,' is declaratory of the common law, and intended to distinguish from the absolute owner a person having a qualified or special

interest, legal or equitable, in the property itself. Upon the facts here shown the judgment was right and will therefore be affirmed."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*