## Joseph B. Ditto v. James Pease, Sheriff, et al.

1. REPLEVIN—*Requisites of the Plaintiff's Case.*—Under the statute the plaintiff in a replevin suit must show that as he is the owner of the goods in question or the person entitled to the possession. (Rev. Stat. Chap. 119, Sec. 1.) He is not, however, in all cases required to show that he is entitled to the possession as against all-the world, but only as against the defendant in the replevin proceedings.

2. SAME—*Possession as Against Strangers and Wrongdoers.*—A party may not be entitled to the possession as against the owner, but at the same time he may be entitled to such possession as against a stranger or wrongdoer, or against all the world except the owner.

3. SAME—*Mortgagee's Possession by His Agent.*—A person in possession of mortgaged goods by virtue of chattel mortgage and by direction of the mortgagee, and who has incurred expenses in the care of such goods and is entitled to compensation therefor, and for his services, is not to be regarded as a mere servant who has possession of goods by delivery from his master, which the master may at any time terminate, but he has an interest in and right to the possession of such goods sufficient to maintain replevin as against a wrongdoer or person having no title to or interest in such goods.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Mr. Justice SHEPARD dissenting. Opinion filed April 11, 1899.

**Statement of the Case.**—This is a suit in replevin brought by the appellant. Lehman Picard executed four chattel mortgages given to secure his four promissory notes. These notes and mortgages were placed in the hands of Messrs. Moses, Pam & Kennedy, as attorneys for the holders thereof. August 16, 1895, said notes and mortgages were placed in the hands of appellant by said attorneys for the purpose of having said mortgages foreclosed. Appellant was then a county constable, but acted in this matter only in his individual capacity. Upon receiving the mortgages appellant went to the store of the mortgagor and took possession of the stock of goods; closed the place; locked the doors; put his name up as agent for the mortgagees, and kept possession until August 20, 1895.

The day last named the property in question was taken from the possession of appellant by a deputy sheriff who

claimed that he had, and who read to appellant what purported to be, a writ of replevin. J. P. Evans, representing the Hoosier Manufacturing Co., was with the deputy. No such writ is offered in evidence, and none appears in the record.

Appellant, upon his own responsibility and at his own expense, employed a custodian who remained in charge of the goods night and day. The appellant says that he looked to the property for his fees and expenses; that he had an interest therein to that extent. He recovered possession of the property taken by the sheriff under and by virtue of the writ of replevin in the case at bar. Afterward he sold the property, paid the proceeds to the attorneys, who paid him his fees and expenses out of such proceeds.

The affidavit upon which the writ in this cause was issued, is made by appellant. He there stated as a ground for the issuing of said writ, that he was " lawfully entitled to the possession " of the goods in question. The declaration counts in *cepit*, in *detinet* and in *trover*. Defendants plead (1) *non cepit*, (2) *non detinet*, (3) not guilty as to the count in *trover*, (4) property in defendants, and (5) property in Hoosier Mfg. Co.

Moses, Rosenthal & Kennedy, attorneys for appellant.

" As against a wrongdoer, prior possession alone is sufficient to enable the plaintiff to maintain the action. If the right of the plaintiff is better than that of the defendants, whatever it may be with regard to the rest of the world, possession is sufficient evidence of right against every one who is neither the true owner nor rightfully possessed. 1 Smith's L. C., Vol. 1, p. 648."

Prior possession of property is sufficient in itself to authorize the beginning and maintaining of a replevin action as against wrongdoers. Searles v. Crombie, 28 Ill. 396; Knisely v. Parker, 34 Ill. 481; Cummins v. Holmes, 109 Ill. 15; Bartleson v. Mason, 53 Ill. App. 644.

It is a general rule that, without an absolute or special property in the thing alleged to have been wrongfully con-

verted, trover can not be maintained, and a right of immediate possession before or at the time of the conversion is essential. 1 Chit. Pl., 149; Eisendrath v. Knauer, 64 Ill. 396.

It is the recognized law that a person having a special property in goods may maintain trover against a stranger who takes them out of his actual possession, as a sheriff, a carrier, a factor, a warehouseman, consignee, a pawnee, or trustee, or an agister of cattle, or a gratuitous bailee, or any person who is responsible over to his principal. 1 Chit. Pl. 151; Eisendrath v. Knauer, 64 Ill. 396.

In all of these cases the action is said to lie in favor of the person having a special property in goods against a stranger who takes them out of the actual possession of such person. The nature of this special property, essential to the action of trover, is not very accurately defined, and seems to be dependent upon the circumstances of the case. Eisendrath v. Knauer, 64 Ill. 396.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellees, contended that Ditto was a mere servant and employe of the mortgagees; had neither a general nor special interest in the property, and could not sustain an action of replevin therefor. Fullerton v. Morse, 162 Ill. 43; Am. & Eng. Ency. of Law, Vol. 10, p. 1054; McNorton v. Akers, 24 Iowa, 369; Wells on Replevin, 1879 Ed., Secs. 144, 115, 644; Clark v. Skinner, 20 Johns. (N. Y.) 465; Cobbey on Replevin, Secs. 99, 132, 150.

The plaintiff in replevin must recover on the strength of his own title, and where his title is denied, as in this case, the burden of proof is on him, to show a general or special property in the goods themselves; Reynolds v. McCormick, 62 Ill. 412; Chandler v. Lincoln, 52 Ill. 74; Dobbins v. Hanchett, 20 Ill. App. 396; Constantine v. Foster, 57 Ill. 36; Anderson v Talcott, 1 Gilm. 365; Atkins v. Byrnes, 71 Ill. 326; Pope v. Jackson, 65 Me. 162; McIlvaine v. Holland, 5 Harr. (Del.) 226; Holler v. Coleson, 23 Ill. App. 324.

MR. JUSTICE HORTON delivered the opinion of the court. Upon the trial of this cause appellees offered no testimony,

and there is no testimony to support the fourth and fifth pleas. Appellees rely entirely upon the alleged lack of testimony to support appellant's claim, i. e., they depend for success upon the weakness of appellant's case.

The only testimony which it is claimed tends to show any right, title or interest in appellees, or either of them, in or to the property in question, is the fact that a deputy sheriff took such property upon what purported or was claimed to be a replevin writ. No such writ is offered in evidence. It does not appear who the parties thereto were, if there was such a writ, or whether the sheriff had turned such property over to some claimant, and if so, to whom, before it was taken under the writ in the case at bar; or whether the sheriff had or represented any title to or interest in said property. The mere fact that a deputy sheriff took the property upon what purported to be a writ of replevin, without producing such writ and without any testimony as to whether it was issued by a court having jurisdiction, or as to any other fact in regard to it, is insufficient to support any title or claim to, or any right to the possession of the property in question.

There is no evidence in this case tending to establish any right, title or interest in or to said property, or any part thereof, in the other appellees, or either of them.

The question then is: Had the appellant such an interest in, or right to the possession of, the property in question, that he can maintain replevin therefor against a stranger?

Under the statute of Illinois, the plaintiff in a replevin suit must show that as to the goods in question he is " the owner or the person entitled to the possession " thereof. Rev. Stat., Chap. 119, Sec. 1. He is not, however, in all cases required to show that he is entitled to the possession as against all the world, but only as against the defendant in the replevin proceeding. He may not be entitled to the possession as against the owner, but at the same time he may be entitled to such possession as against a stranger or wrongdoer, or as against all the world except the owner. There are cases, also, where either the owner or the party

in possession may maintain the proceeding. And in some cases the party in possession may maintain replevin against the owner.

"A mere servant who has possession of goods by delivery from his master, which the master may at any time put an end to, has not such property or right of possession as will enable him to sustain" replevin. Appellees quote, and place great stress upon this rule, and nearly or quite all the cases they cite upon this branch of the case are to the same effect, and in support of this rule.

The difficulty in applying this rule arises when it is sought to determine who is a "mere servant."

"The line of demarcation between the relation of principal and agent, and that of master and servant, is exceedingly difficult to define.  *  *  *  The true distinction is to be found in the nature of the undertaking, and the time and manner of its performance.  *  *  *  Agents, as a rule, are employed rather as particular occasion may require, than for fixed periods; and receive their compensation rather in fees and commissions than in fixed wages or salary." Mechem on Agency, Sec. 2.

Other text writers are the same in substance.

Appellant was in possession of the goods in question under and by virtue of the mortgages mentioned, by direction of the mortgagees. His possession, however, was not exclusively for or in the interest of the mortgagees. He had a duty to perform to, and in the interest of, the mortgagor. The mortgagees could not have compelled him to surrender possession without paying or tendering to him such sum as he had properly expended in the care and protection of the property, as well as his legitimate fees or charges for services. He was not a "mere servant."

The case of Fullerton v. Morse, 162 Ill. 43, is cited as being "on all fours" with the case at bar. In that case the only interest or title which the plaintiff had in or to the property replevied or the possession thereof was, that he had been authorized by the mortgagee to take possession of the property under the mortgage for condition broken. He was not in possession of the property or any part of it, had not paid or incurred any expense on account of it, had no

personal interest in it, had done nothing in regard to it except to make a demand in writing for its possession," and therefore was not responsible for it to anybody," as the Supreme Court says.

And further, in that case it was shown that the defendant, as a constable, had levied upon and was in possession of the goods.   The court says (p. 45):

"He was a constable *de jure*, his executions were regular, and the mortgagor had such an interest as made them liable to the levy."

We need not further examine the Fullerton case to show not only that it is not "on all fours" with the case at bar, but that, when the facts in the two cases are considered, the opinion of the Supreme Court has but little, if any, application to the case at bar.

We are of the opinion that appellant was more than a "mere servant," and that he had such an interest in, and right to the possession of the property in question, that he can maintain this suit.

The point as to "cross-replevin" is not before us under the testimony.

The judgment of the Superior Court will be reversed and the cause remanded.

Mr. Justice Shepard.

I think that under the evidence, Ditto was a mere servant of the mortgagees and had no interest, legal or equitable, in the property, and was not entitled to the possession thereof within the meaning of the statute, and therefore not entitled to maintain replevin.