## Edwin A. Swain, Sheriff, etc., v. First National Bank of Hutchinson.

100      31
a201s 416

1.  REPLEVIN—*Requisites of the Plaintiff's Case.*—In order to sustain his suit the party bringing an action of replevin must either be the owner, or the person entitled to the possession of the property sought to be replevied.

**Replevin.**—Appeal from the Circuit Court of Henry County; the Hon. FRANK D. RAMSAY, Judge, presiding.  Heard in this court at the October term, 1901.  Affirmed.  Opinion filed January 24, 1902.

N. F. ANDERSON, attorney for appellant.

CHARLES K. LADD, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant, Edwin A. Swain, and one Frank L. Hough, in replevin, to recover possession of 277 bales of broom corn which had

been levied upon by Swain as sheriff of Henry county, by virtue of an execution issued upon a judgment entered on February 19, 1900, in favor of the Galva First National Bank of Galva, Illinois, against Eric Gabrielson, for the sum of $2,049.50.

At the time of the levy the corn was stored in a warehouse belonging to said Hough. A jury was waived and the case tried upon the following stipulation of facts, to wit:

" Eric Gabrielson bargained with the men who raised the corn while it was still growing, agreeing to pay a certain amount per ton for the corn when ready for delivery. Gabrielson asked the Hutchinson Bank, from whom he was borrowing the money to pay for the corn, to have one Nathan Rosenstone receive the corn, weigh it, and pay the growers at the amounts Gabrielson had bargained for, which was done according to Gabrielson's agreement with the growers. The Hutchinson bank also instructed Rosenstone to take warehouse receipts for the corn for its benefit from the warehouseman when it was delivered to him. Rosenstone delivered the corn after he had paid for it to defendant Hough. The authority which Rosenstone had from the Hutchinson bank was to get warehouse receipts to be used by it as collateral security for the money advanced to Gabrielson, and accordingly Rosenstone demanded of Hough to turn out warehouse receipts for the corn, and Hough refused to do this; the Hutchinson bank was notified of this fact by Rosenstone, and the Hutchinson bank told Rosenstone to insist on the giving of the receipts, and still Hough refused. Then Rosenstone suggested to make the receipts run to him; Hough wanted to know what he, Rosenstone, intended to do with them, and he replied that he would send them to the Hutchinson bank; and Hough refused to turn out receipts in conformity with this proposition. Then Rosenstone suggested to make out receipts and leave them with the Farmers Bank of Woodhull, Illinois, so that they could not be transferred. Hough then made the following writing, which Hough delivered to the Woodhull bank:

' WOODHULL, ILLS., October 20th, 1899.

'Received in store from E. Gabrielson, for acc't First National Bank of Hutchinson, Kansas, 277 bales of broom corn, owner's count, more or less, subject only to First National Bank of Hutchinson hereon indorsed, and the sur-

render of this receipt, and payment of charges. Loss by fire or heating at owner's risk. Storage 3 cents per bale per month or fractional part of a month. It is agreed that this receipt shall be held by Farmers Bank of Woodhull.

F. L. Hough.'

This writing was then taken by Hough to the Farmers Bank of Woodhull, Illinois, who issued the following paper and sent it to the Hutchinson Bank:

'Farmers Bank of Woodhull,

Woodhull, Ills., Nov. 13th, 1899.

F. L. Hough has deposited for custody, warehouse receipt (date Oct. 20th, 1899), stored by E. Gabrielson, account First Nat. Bank, Hutchinson, Kansas, 277 bales broom corn, owner's count, more or less, storage 3 cents per bale per month or fraction thereof.

A. A. Mackey, Cashier.'

The Hutchinson bank received this paper issued by the Woodhull bank, and except through the paper, did not know it in the transaction, and did not intend to deal with said bank. After Rosenstone had the final talk with Hough about the receipts he paid no further attention to the matter, and the Hutchinson bank had no communication either with Hough or with the Woodhull bank, after said papers had been issued and before the levy of the said execution by defendant Swain. The Hutchinson bank advanced $3,495.87 to Gabrielson to purchase the corn which was in Hough's warehouse at the time of the levy, and the money was advanced with the understanding that the warehouse receipts should be issued by the warehouseman with whom the corn was left, said receipts to be held as collateral security. Gabrielson was still indebted to the bank at the time of the levy in an amount greater than the value of the corn in question, although the Hutchinson bank also had other securities to apply on said indebtedness, whether of less or greater value was not determined at that time."

There was a finding and judgment in favor of appellee, from which Swain appeals.

In order to sustain his suit, the party bringing replevin must either be the owner or person entitled to the possession of the property replevied. Appellant insists that there are three reasons why appellee has neither title to the broom corn nor the right to the possession thereof.

First.    Because Rosenstone had no authority from appellee to engage in the transaction which resulted in Hough giving the writing of October 20, 1899, and turning it over to the Farmers Bank of Woodhull.

Second.    Because the so-called " warehouse receipt " is invalid for the reason that it fails " to state on its face the brand or distinguishing mark upon the property covered by the receipt " as required by the statute, of property stored in public warehouses of Class C.

Third.    Because the delivery of the receipt, even if valid as " a document of title," was not delivered to any one having authority to receive it for appellee.

We are of opinion that under the facts as shown by the stipulation, Rosenstone, who received the corn and paid the growers for it, with money received from appellee, was at the time the agent of appellee and received the corn for it.    His possession was therefore the possession of appellee, and when he stored it in the warehouse of Hough, it was still in the possession of appellee, just the same as though it had been stored in a building belonging to appellee.

It does not appear that Gabrielson ever had possession of the corn, it being delivered directly by the growers to the agent of appellee.    In taking the warehouse receipt from Hough, Rosenstone followed the directions given him by appellee, his principal, and the fact that the receipt stated that the corn was received from Gabrielson on the account of appellee instead of from Rosenstone, is unimportant.

The warehouse of Hough belonged to what is designated as " Class C " by the statute.    It is true that the law provides that " all warehouse receipts for property stored in public warehouses of Class C shall distinctly state on their face the brand or distinguishing marks upon such property."    The warehouse receipt in question contained no statement of the brand or distinguishing marks of the property other than it consisted of " 277 bales of broom corn."

We think it immaterial, so far as this case is concerned,

whether the receipt contained a statement of the brand or distinguishing marks of the property or not. The property had been placed there by the agent of appellee on account of the latter. Hough was not claiming it and as between him and appellee the receipt was good. The fact that the corn was stored in the warehouse of Hough was sufficient to put all other persons upon inquiry as to the ownership of the property. (Broadwell v. Howard, 77 Ill. 305.) Nor is the fact that the receipt was not directly delivered, either to appellee or Rosenstone, material. Hough desired to place the receipt where it could not be transferred to other parties. Rosenstone suggested that the receipts be left with the Farmers Bank of Woodhull. The action of Rosenstone must be taken as that of appellee in this matter. Rosenstone was authorized to get warehouse receipts by appellee, but whether the receipts, after they were obtained, were to be kept by Rosenstone, sent to appellee or deposited with some one for appellee, was not stated in the authority given.

Under the circumstances of the case, including the fact that Hough refused to leave the receipts where they could be transferred, Rosenstone was authorized to deposit them with the Woodhull bank. That the action of Rosenstone was approved by appellee is evidenced by the fact that when notified of what had been done appellee made no objection thereto.

After the receipt was given Hough held the corn for appellee. At the time the levy was made on the execution in favor of the Galva First National Bank, Gabrielson was indebted to appellee in an amount greater than the value of the broom corn in question.

Appellee was entitled to the possession of the broom corn until this debt was paid. We are also of opinion that appellee is shown to have had such an interest in the broom corn as entitled it to the possession of the same even if no receipt had been given. The judgment of the court below in favor of appellee was in accordance with the law and the facts in the case and is accordingly affirmed.