Equitable Trust Company et al., Executors, v. C. A. Burley et al.

1. MORTGAGES—*When Abstract of Title is a Part of Security for Loan.*—An abstract of title delivered by the owner of land to the mortgagee's attorney, may be regarded as part of the security for the loan, and the mortgagor is not entitled to possession till the mortgage is paid.

2. REPLEVIN—*What Interest in Property is Necessary to Recover Against a Mere Wrongdoer.*—Where the plaintiff is in the rightful possession of the property he is entitled to recover against a mere wrongdoer notwithstanding a plea of property in a third person.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed December 3, 1903.

KRETZINGER, GALLAGHER & ROONEY, attorneys for appellants.

HUGH L. BURNHAM and ARTHUR W. BURNHAM, attorneys for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an action of replevin by appellees against appellants to recover possession of an abstract of title. The suit was commenced against Joseph T. Kretzinger, who died pending the suit, and appellants, his executors, were substituted as parties plaintiff. The abstract not having been found on the writ, it was stipulated that its value was $171.50. The cause, by agreement of the parties, was tried by the court, without a jury, and the court found for the appellees, assessed their damages at the sum of $171.50, and rendered judgment for that sum. The cause was tried on appeal from a judgment of a justice of the peace. The contentions of appellant's counsel are: First, that one Biddison owned the abstract, and that appellees had no general or special interest in it which entitled them to sue; and, second, that the evidence fails to show that Joseph T. Kretzinger ever had possession of the abstract. James W.

Howell, of the firm of Norton, Burley & Howell, appellees, testified that he first saw the abstract prior to September, 1892, when a loan was made to S. M. Biddison, on account of which appellees held the abstract, and that the abstract was delivered to appellees by said Biddison; that subsequently one Smith, who came from the office of J. T. Kretzinger, presented to him the following order, under which he wrote the receipt following the order, and Smith signed the receipt for J. T. Kretzinger, and he, witness, delivered the abstract to Smith :

"CHICAGO, September 13, 1892.
Mr. HOWELL, room 7, 108 Dearborn street.

DEAR SIR : Please deliver abstract for my lots to J. T. Kretzinger, attorney for contractor, for examination, and oblige,                                     S. M. BIDDISON.

Received of Norton, Burley & Howell, above abstract · from government to June 26, 1892, in five parts, covering lots 25 to 28, in block 4, in second plat of Woodlawn, to be returned on demand.

J. T. KRETZINGER.  Smith."

L. L. Smith corroborates the witness Howell as to his presenting the order, receiving the abstract from Howell and receipting for it, but says he received the order from a Mr. Herr; and although he noticed that it was an order to deliver to J. T. Kretzinger, he thinks he delivered it to Herr, as he knew that Herr was a client of Kretzinger. Herr testified, by deposition, that he was acquainted with Kretzinger and Biddison, and that he, Herr, never had possession of the abstract.  Herr further testified that he made J. T. Kretzinger trustee in a certain deed of trust executed by S. M. Biddison, conveying property owned by him; that Biddison failed to make payments in accordance with his agreement, on account of which failure witness refused to go on with Biddison's building; that Kretzinger released the trust deed, and the abstract was delivered by Smith to Biddison the day Kretzinger released the trust deed.  It would seem from this evidence that Herr had a building contract with Biddison, that the trust deed was executed by Biddison to secure payments by him on the contract,

and that the abstract was an abstract of title to the property conveyed by the trust deed.

William H. McSurely testified that, in 1893, he was in the employ of appellees, and was requested by Mr. Howell, in that year, to go to Kretzinger's office and get the abstract; that he took the receipt for the abstract to Kretzinger's office and asked him for the abstract, and that Kretzinger said that he had had it, but had made a search and was unable to find it; that he, witness, showed Kretzinger the receipt for the abstract, and Kretzinger said it was all right; also, that he had been made trustee without his knowledge, and demanded the abstract to look into the matter, and that when he had examined it and looked into the matter, he made up his mind that it was a scheme to swindle creditors, and that of his own motion he released the trust deed for Herr, and was sure that, after he had finished with the abstract, he turned it over to Herr, and that he would hunt him up and ascertain whether he had it.

Robert W. Campion testified that he was in appellees' employ in the year 1895, and that about the last week of September of that year, he went to Kretzinger's office, showed him the receipt, and asked for the abstract, and that Kretzinger said that he had it, but did not know where it went to; that he had had it on his desk for several days, and had made a hunt for it, but could not find it; that he did not know what had become of it.

Edward J. Buckley, an errand boy in appellees' employ, testified that in 1893 he was given the receipt to take to Mr. Kretzinger; that he showed the receipt to him and made demand for the abstract, and that Kretzinger said they had it, but at that time could not find it; that he thought they had loaned it to some architect, and that he would look the matter up.

John J. Rooney testified that he heard a conversation between the witness Buckley and Mr. Kretzinger after September, 1892, in Mr. Kretzinger's office; that the office of witness was next door to Kretzinger's office, and that

Kretzinger said to Buckley that he knew nothing about the order for the abstract which Buckley showed him; that he never saw the abstract or had it in his possession; also that he heard Kretzinger tell the witness Campion that he, Kretzinger, had told him before that he never had the abstract, and that he did not want him to call at his office any more about it.

F. L. Brooks testified substantially the same as the last witness, as to what Kretzinger said to Campion.

The appellees were in possession of the abstract, and it would appear, rightfully, as they held it on account of a loan to Biddison. Whether the loan was made by them or by their client is irrelevant. If the loan was by appellees, they were entitled to the possession of the abstract till payment of the loan, and if by their client and the abstract was held by them, they were entitled to possession as against Biddison. An abstract of title delivered by the owner of land to the mortgagee's attorney, may be regarded as part of the security for the loan, and the mortgagor is not entitled to possession till the mortgage is paid. 1 Jones on Mortgages, Sec. 148.

We are of opinion that the possession of appellees was sufficient to enable them to maintain the action as against Joseph T. Kretzinger and appellants, his legal representatives. Van Namee v. Bradley, 69 Ill. 299.

Kretzinger's statement that the receipt for the abstract was all right when it was shown to him by the witness Mc-Surely, is evidence that Smith was authorized by him to sign his name to the receipt. It was an acknowledgment by Kretzinger that the receipt was his. The receipt contains an agreement to return the abstract on demand, and Kretzinger could not, nor can appellants, excuse the non-return of the abstract by setting up title in another person. Simpson v. Wrenn, 50 Ill. 222.

The evidence is conflicting as to whether Joseph T. Kretzinger had possession of the abstract, but we do not think the verdict manifestly against the weight of the evidence.

The judgment will be affirmed.