## C. D. Robinson, Appellant, v. R. H. Huschle, Appellee.

1. REPLEVIN—*burden shifts upon plea of property.* In an action of replevin a plea of property in defendant casts the burden upon plaintiff of showing a general or special property in the article.

2. PLEDGES—*sufficiency of evidence of placing note and mortgage as collateral.* In replevin for the possession of an automobile as mortgagee under a chattel mortgage where plaintiff claimed that the mortgagor was indebted to a corporation; that he was in the employ of the corporation and was a friend of the mortgagor; that he induced the corporation to advance the money to pay another debtor which was pressing the mortgagor for payment, on an understanding that he would guaranty the corporation for its account and what it advanced on the mortgage; that the advancement was made and plaintiff took the mortgage to himself for the full amount and that he indorsed the note and mortgage to the corporation where they remained until this suit was begun, but there was no evidence that he ever executed any written guaranty to the corporation other than his indorsement of the note, the

evidence does not support the claim that the note and mortgage were turned over to the corporation as collateral security.

3. CHATTEL MORTGAGES—*assignee has right of action upon condition broken.* While a chattel mortgagee, upon condition broken, has such an interest as will entitle him to maintain an action of replevin, when the mortgage has been assigned, the right of action is in the assignee.

4. REPLEVIN—*plaintiff without title cannot recover against plea of title.* In an action of replevin where the jury was fully warranted in finding that before suit was begun plaintiff had parted with all right title and interest in the property he could not maintain the suit in which a plea of property in defendant was interposed.

5. REPLEVIN—*recovery must be on strength of own title.* In replevin plaintiff may recover only on the strength of his own title and it is not necessary to determine whether the defendant has right, title or interest.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

T. A. O'CONNOR, for appellant.

T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant brought replevin for a Hudson Super Six Automobile, No. 7971, on the theory that he was entitled to possession thereof under a chattel mortgage in which he was the mortgagee. The case was tried on pleas of *non cepit, non detinet* and property in the defendant. The trial resulted in a verdict and judgment for appellee.

Appellant contends that the judgment must be reversed because appellee failed to show that he had any right, title or interest in the car. Appellee insists that even if he failed to make such proof the judgment must be affirmed because the burden was upon appellant to show a general or special right of property in the car and that he failed to do so. Appellant makes

the broad claim that where a person has possession of property, and his possession is disturbed by another person who has no evidence of right or interest in the property, the person whose possession is thus disturbed is entitled to maintain the action of replevin under the statute. The plea of property in the defendant cast the burden upon appellant of showing a general or special right of property in the car. His contention that mere possession against one who does not appear to have any right, title or interest is not sound. *Fullerton v. Morse,* 162 Ill. 43; *Pease v. Ditto,* 189 Ill. 456. The evidence on behalf of appellant is to the effect that the mortgagor was indebted to the Weber Implement and Automobile Co., and to the Commercial Acceptance Co., and that the latter company was pressing for payment; that appellant was in the employ of the Weber Co., and a friend of the mortgagor; that appellant induced that company to advance the money to pay the Commercial Company on the understanding that he would guarantee the Weber Co. for its account and what it advanced to the other company; that the advancement was made and appellant took the mortgage to himself for the full amount. Appellant testified that as soon as he received the note and mortgage he indorsed them over to the Weber Implement and Automobile Co. where they remained until the day this suit was begun. There is no evidence that he ever executed any written guaranty to the Weber Co. other than his indorsement of the note. The evidence does not support the suggestion that the note and mortgage were turned over to the Weber Co. as collateral security.

It is true that a mortgagee, upon condition broken, has such an interest as will entitle him to maintain an action of replevin, *Cleaves v. Herbert,* 61 Ill. 126, but it is equally true that when the mortgage has been assigned the right of action is in the assignee. *Barbour v. White,* 37 Ill. 164. Both the mortgagee and the as-

signee cannot be entitled to possession. The jury was fully warranted in finding that before this suit was begun appellant had parted with all right, title and interest in the car. That being true he could not maintain the suit where a plea of property in the defendant was interposed. *Fullerton v. Morse, supra.* Appellant could recover only on the strength of his own title and not upon the weakness of that of appellee. It is not necessary to determine whether appellee had any right, title or interest. *Pease v. Ditto, supra.* The judgment is affirmed.

*Affirmed.*