Florence H. Turner et al., Appellees, v. Pierson-Hollowell Walnut Company, Appellant.

Gen. No. 8,468.

Heard in this court at the October term, 1930. Opinion filed January 26, 1931.

GEO. B. RHOADS, JOHN J. BAKER and KENNETH F. KELLY, for appellant.

STEIDLEY & STEIDLEY, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

On October 24, 1929, Florence H. Turner and Ralph Turner, her husband, the said Ralph Turner being conservator of one Anna Lorton by appointment of the county court of Fayette county, Illinois, appellees, brought this action in replevin before a justice of the peace in Shelbyville, Illinois, against Pierson-Hollowell Walnut Company of Danville, Illinois, Baltimore & Ohio S. W. R. R. Company, and Aubrey Harris for the recovery of six smooth surfaced water-soaked walnut logs, which logs, appellees claimed, were unlawfully

taken from the premises of appellees by one Jesse Carlisle and sold by Carlisle to Aubrey Harris for Pierson-Hollowell Walnut Company, appellant, the said Harris being at that time engaged in the purchase of walnut logs for said appellant.

The case was tried before a justice of the peace without a jury and a judgment was given in favor of the appellant, a corporation. Appellees then appealed the case to the circuit court of Shelby county, a jury was waived and the cause was tried before the court. Judgment was rendered by the court in favor of appellees and against appellant, Pierson-Hollowell Walnut Company "That the plaintiffs have and retain the logs replevined."

At the conclusion of the hearing in the circuit court the suit was, on motion of appellees, dismissed as to the defendants Aubrey Harris and the B. & O. S. W. Railroad Company, leaving as the sole defendant the Pierson-Hollowell Walnut Company, appellant.

Appellee Florence H. Turner is the owner of a part of the fee and of a life estate in a certain 40 acres of land in Bowling Green township, Fayette county, which land lies immediately south of the south line of Shelby county. What is known as the Kaskaskia or Okaw River runs along the west side of the land in which appellee Florence H. Turner has a life estate, and the center of the Kaskaskia or Okaw River forms the western boundary of said land. This river is not navigable. The land on the west side of the Kaskaskia or Okaw River is owned by the Nichols brothers and their land extends also to the center of the river. Appellee Florence H. Turner has been in possession of the land involved under her life estate and by virtue of her part ownership of the fee for a number of years. The remainder of the fee is owned by appellee Anna Lorton, for whom Ralph Turner is the duly appointed and acting conservator, and by the four minor children of Florence H. Turner, appellee.

The Kaskaskia or Okaw River runs in a southerly direction along the west side of the Turner land and near the south part of the Turner land bends to the west, and then in a northwesterly direction, so that there is a bend in the river near the south line of the Turner land. This bend in the river, according to the claim of appellees, is some 30 or 40 corn rows north of the south line of the Turner land.

On or about September 30, 1929, a man by the name of Jesse Carlisle, who has no interest in any of the lands involved in this suit, and who, to all intents and purposes at the time was a trespasser, discovered a large walnut tree a short distance north of the bend in the river above referred to, which tree was lying in the bed of the river with the butt or large end about three feet from the east bank and lying in a southwesterly direction down the bed of the stream. According to witnesses this walnut tree had apparently lain in the river for many years, because the bark was off the tree and the surface of the tree was smooth. According to the witnesses this tree was about three and a half feet in diameter.

Jesse Carlisle, with the aid of several other parties, cut loose from said tree the protruding roots and a limb which had become imbedded in the sand in the bottom of the river, and then dragged the log, with the aid of a team, across from the east side of the river to the west side and upon the lands owned by Nichols brothers. The tree was then cut into six logs and sold by Jesse Carlisle to one Aubrey Harris, who was at that time acting as the purchasing agent for the appellant, Pierson-Hollowell Walnut Company of Danville, the amount received therefor not being disclosed by the evidence. These six logs were then taken by Harris to the village of Cowden and loaded upon a railroad car owned by the B. & O. S. W. Railroad Company, apparently for transportation. At about that time appellees served a demand for the

possession of these logs on Jesse Carlisle, Aubrey Harris, the B. & O. S. W. Railroad Company and Aubrey Harris as agent of the Pierson-Hollowell Walnut Company, and upon the refusal of said parties to deliver the logs to the plaintiffs, the appellees herein, this replevin suit was instituted.

It is the contention of the appellees that the tree in question was upon the Turner land, because the Turner land extends to the center of the river, and that by reason of this fact, Jesse Carlisle, who took the tree from the river, was a wrongdoer, not having obtained the right from the owners of the Turner land to remove the tree, and that the appellant, who purchased the logs from Carlisle, obtained no better title than Carlisle himself had at the time he sold them to Harris for the appellant company. It is further the contention of the appellees that Carlisle was a wrongdoer; that he did not come into possession of the six walnut logs lawfully and therefore no demand or notice was necessary before instituting the replevin suit on the part of the appellees.

Appellant has brought the record, by appeal, to this court for review.

There is no proof in the record that Carlisle owned any of the lands in the vicinity where the logs were found or that he purchased them from any person. The service of the demand in this case upon Aubrey Harris, agent of appellant, was sufficient and proper service upon appellant. (*Crowley, Cook & Co. v. Sumner,* 97 Ill. App. 301; *Armour & Co. v. Goldsmith & Seidel Co.,* 225 Ill. App. 331; *R. M. Owen & Co. v. Johnson,* 184 Ill. App. 90; *Fahrig v. Milwaukee & Chicago Breweries,* 113 Ill. App. 525.)

A grant of land bounded upon a river or its margin above tidewater, carries with it the exclusive right and title of the grantor to the center thread of the current, unless the terms of the grant clearly denote

an intention to stop at the margin. *Piper v. Connelly,* 108 Ill. 646. The title of a proprietor on a river extends to the thread of the main channel, and his boundary changes with the variation of the center of the river's main channel. *Bellefontaine Improvement Co. v. Niedringhaus,* 181 Ill. 426. As against a wrongdoer prior possession alone is sufficient to enable the plaintiff to maintain replevin. If the right of the plaintiff is better than that of the defendant, whatever it may be with regard to the rest of the world, possession is sufficient evidence of right against everyone who is neither the true owner nor rightfully possessed.

The property in the defendant, or a third person, sufficient to sustain a defense under such pleas, must be such as goes to destroy the interest of the plaintiff, which, if existing, would sustain the action, or, in other words, such as would defeat an action of trespass, if brought in place of this action in case of a wrongful taking, or trover, if brought for a wrongful detention. *Van Namee v. Bradley,* 69 Ill. 299.

In an action of replevin where ownership and right to possession are both alleged in the affidavit, if it be proved that the plaintiff is entitled to the possession of the property, that is sufficient, without proof of the allegation of the actual ownership contained in the affidavit. *Bartleson v. Mason,* 53 Ill. App. 644. Where an action of replevin is brought by the party entitled to possession for the recovery of property wrongfully taken, it is only necessary for him to prove his right to possession of the property to entitle him to a recovery. *Blakely Printing Co. v. Pease,* 95 Ill. App. 341. Where the plaintiff is in the rightful possession of the property, he is entitled to recover against a mere wrongdoer, notwithstanding a plea of property in a third person. *Equitable Trust Co. v. Burley,* 110 Ill. App. 538. In order to sustain his suit the party bringing an action of replevin must either be the owner or the

person entitled to possession of the property sought to be replevied. *Swain v. First Nat. Bank of Hutchinson,* 100 Ill. App. 31. (Affirmed 201 Ill. 416.)

The provision of the statute that replevin may be brought for chattels by ''the person entitled to their possession,'' is declaratory of the common law, and intended to distinguish a special interest in the property from absolute ownership. *Fullerton v. Morse,* 162 Ill. 43.

The language, ''or person entitled to their possession,'' used in section 1 of the Replevin Act, Cahill's St. ch. 119, ¶ 1, providing that replevin may be brought for the recovery of goods by the owner or person entitled to their possession, is intended to distinguish between the absolute owner and a person having a qualified or special interest, legal or equitable, in the property. *Pease v. Ditto,* 189 Ill. 456, reversing 82 Ill. App. 192. Possession of chattels is sufficient to give a right to maintain replevin against one taking them without claim of right or title. *Downey v. Arnold,* 97 Ill. App. 91.

The lessee of land in making an excavation dug up a prehistoric boat, and it was held that the boat was the property of the owner of the land and that the lessee who found it had no right to it. *Elwes v. Brigg Gas Co.,* 33 Ch. D. 562. An aerolite which has fallen to the earth belongs to the owner of the soil into which it fell, and not to the person who finds it and digs it out. *Goddard v. Winchell,* 86 Iowa 71, 41 Am. St. Rep. 481.

The plaintiff was the owner in fee and in possession of land on which there was a pool of water. He employed the defendant and others to clean the pool and during the operation the defendant found two gold rings in the mud at the bottom of the pool. It was held that the plaintiff who owned the premises, and not the defendant who found the rings, was entitled to the possession of them. The general principle seems to be

that where a person has possession of house or land with a manifest intention to exercise control over it and the property which may be upon or in it, then if something is found on that land, whether by employee of the owner or by a stranger, the presumption is that the possession of that thing is in the owner of the land in question. *South Staffordshire Water Co. v. Sherman,* 2 Q. B. 44.

The merits of this case depend entirely upon the fact as to the ownership of the lands upon which the log was found. It was attached by roots in the soil about three feet in the river from the east bank of the stream and before the stream had reached its southermost bend. This is shown by the plat of the witness O. W. Harris, county surveyor of Shelby county. Appellees produced deeds showing that the title to their lands went to the Okaw River on the east side of said river, and they produced many witnesses who testified that the appellees had been in possession of said lands down to the point where the log was found and to a point 300 feet farther south for a great many years, and that appellees had worked the lands. In appellees' deeds nothing was mentioned as to what portion of the river was the boundary line. Harris, in making the plat and a purported survey, had before him no deeds, ran no lines and furnishes no memoranda and mentions no monuments of any kind, except some indications on the ground which he thought had been corn rows. A considerable number of witnesses also, on behalf of appellant, testified that the lands where the log was found were the lands of Bieber which lie immediately south of the Turner lands. There was also some testimony in the record that the river, at the south bend, in the years had moved south, although the physical proofs showed that this log had lain in the river where it was found for a great many years. We cannot say from the proofs in this record that the

judgment is against the weight of the evidence. There is no survey, deed, monument or fact shown upon which such a finding could be made. The proofs in this respect do preponderate in favor of appellees.

We find no errors in the record that will warrant a reversal. Accordingly, the judgment of the circuit court of Shelby county is affirmed.

*Affirmed.*