## Berks County Trust Company's Petition

*James F. Marx*, for petitioner.

*S. E. Bertolet* and *J. W. Bertolet,* for respondent.

MARX, P. J., February 27, 1937.—The Pennsylvania Trust Company being in process of voluntary liquidation and desiring to be relieved of the administration of estates held by it in a fiduciary capacity, this court, on December 20, 1934, ordered and decreed the transfer of the assets of certain of such estates to the Berks County Trust Company, then appointed intervening fiduciary. Pending the appointment of succeeding fiduciaries in the several estates, and final accounting by The Pennsylvania Trust Company, the estates thus transferred were administered by the intervening fiduciary. Pursuant to that decree The Pennsylvania Trust Company forthwith transferred and delivered to the intervening fiduciary the bonds and mortgages, judgments, corporate stock and other assets, but failed and refused to deliver the abstracts of title, the applications for loans, and the records of proceedings had in the consummation of the loans and investments thus held and transferred.

On July 18, 1935, the intervening fiduciary presented its petition for a citation requiring The Pennsylvania Trust Company and the liquidating trustees thereof to show cause why applications for loans, searches, and abstracts of title should not be delivered to petitioner. An answer was filed by The Pennsylvania Trust Company and the liquidating trustees thereof. Admitting the averments of the petition, respondents answered: (1) That the applications for loans, searches and abstracts of title are necessary in the accounting, audit and final discharge of The Pennsylvania Trust Company, fiduciary; (2) that they are not assets of the respective fiduciary estates, but are the individual property of The Pennsylvania Trust Company, a part of the title plant of said company; (3) that they are not integral parts of the investments or evidences of indebtedness belonging to the respective fiduciary estates, but have always been kept apart therefrom; (4) that they are not necessary to the proper administration of the respective fiduciary estates; (5) that failure to deliver them will not put the intervening fiduciary, or

a succeeding fiduciary, to the necessity of supplying applications, searches and abstracts in support of the investments transferred, since they, respondents, have at all times been willing, and are now willing, to give access to them to the intervening or a succeeding fiduciary.

Under similar proceedings in the court of common pleas of this county, testimony was taken and, by stipulation of counsel, that testimony was here accepted, as relevant to this proceeding.

From that testimony we find that, with occasional immaterial variations, the practice followed was this: The borrower signed an application to The Pennsylvania Trust Company (not as fiduciary) for a loan on bond and mortgage. If initially approved, the application was referred to appraisers, who reported a fair market value of the real estate to be mortgaged, with a recommendation, all endorsed on the application. After favorable action by other committees or officers, likewise endorsed, the loan was granted and the borrower was required, inter alia, to pay for an abstract of title, to be prepared by the lender. The loan, having been consummated, was then assigned to the lender, in the capacity of fiduciary of an estate in its custody. The bond and mortgage were separated from the assets of the corporation and held as assets of the specific trust. The application, with endorsed reports and recommendations, was likewise segregated, but the abstract of title was placed and kept in the title plant of the corporation. The title plant consisted of the so-called "master-briefs", owned by the corporation, and the supplementary abstracts, prepared on occasion of specific loans and extending the master-brief to the time of the specific loan. These supplementary abstracts alone are here involved. There was no express contract as to the ownership of the abstract of title when completed, nor of the loan application, reports and records aforesaid. These are now claimed, on the one hand, by respondents as integral parts of their so-called title plant and, on the other hand, by petitioner, intervening fiduciary, as muniments

of title and administration, necessary to a continuance of the trust investment.

The borrower had no reason for building up a title plant for the lender, and no such presumption arises from their contract. He paid the lender for an examination and abstract of title, because they were necessary to the granting and maintenance of his loan. Upon transfer of his bond, mortgage or other evidence of indebtedness to the fiduciary, it became incumbent on the fiduciary to support the investment by proof of inspection, appraisement and abstract of title. As a result of privity between the mortgagee and itself as fiduciary, the interest of the mortgagees ended and that of the fiduciary began with the transfer. The antecedents of the loan then became muniments of the title and of the legal and prudent administration of the trust by the trustee. This would appear to be, and in fact must be, the necessary conclusion from the acts of the parties in all of these cases. Abstracts of title searchers, preliminary appraisements and evidences of other necessary proceedings in the granting and maintenance of a loan of trust funds have always been considered muniments of title and administration, necessary even as mortgages and bonds. They are the property of the borrower, to be returned to him upon repayment of his indebtedness.

Muniments have been defined:

"The instruments of writing and written evidences which the owner of lands . . . has, by which he is enabled to defend the title of his estate. Termes de la Ley; Co. 3d. Inst. 170": 2 Bouvier's Law Dict. (Rawle's 3d ed.) 2280.

In the investment of trust funds more is required than appears from a mere chain of title. As preliminary to a loan the law requires examination and appraisement of the estate to be pledged and certification of lien. Written evidences of compliance, therefore, become muniments of the fiduciary's title and administration. It follows that it is not only desirable but essential that these muniments

be in the custody of the fiduciary until termination of his responsibility.

It was decided in Custer v. Kroeger, 313 Mo. 130, 44 A. L. R. 1328, that, notwithstanding an abstract of title is the property of the borrower, his mortgagee is entitled to hold the same with the mortgage until his indebtedness has been paid, and is under no obligation even to lend it to the mortgagor.

In Equitable Trust Co. et al., Execs., v. Burley et al., 110 Ill. App. 538, 541, it was held that an abstract of title, delivered by the mortgagor to the mortgagee's attorney, might be regarded as security for the loan, and that the mortgagor was not entitled to the possession of the same until the mortgage was paid. The court stated:

"The appellees were in possession of the abstract, and it would appear, rightfully, as they held it on account of a loan to Biddison. Whether the loan was made by them or by their client is irrelevant. If the loan was by appellees, they were entitled to the possession of the abstract till payment of the loan, and if by their client and the abstract was held by them, they were entitled to possession as against Biddison."

In Holm v. Wust, 11 Abb. Pr. N. S. (N. Y.) 113, where the owner of property was about to mortgage the same to another, who employed defendant to search the title, and the mortgagor, in order to save expense, delivered to defendant an abstract covering part of the property, to be used in examining the title, it was held, in an action by the mortgagor to recover possession of the abstract, that the disputed abstract was part of the security for the loan, and that the mortgagor was not entitled to a return of the same until payment of the mortgage indebtedness: Annotation, 44 A. L. R. 1333.

A reasonable conclusion from the relationship of the borrower and the lender is that they did and intended to do what was essential for the consummation and maintenance of a loan from the corporation in its own right and in its right as fiduciary. They erected muniments of title

and of administration. Those muniments belong to the owner of the fee, subject to possession by the mortgagee or its assignee until full discharge of the debt.

The filing of the abstract in the title plant of respondent amounts to no more than holding the abstract in the left hand, the trust investment in the right. It is a self-serving element at most. Whether or not the respondents hold these muniments available for use by others is immaterial. Rights of property and of possession are here involved and we find neither in the respondents after accounting and discharge.

The answer that these records are essential to proper accounting by respondents loses much weight when it is noted that the evidence of investments, surely equally important in the accounting, was delivered to the intervening fiduciary immediately after entry of the decree of December 20, 1934. Recognizing the desirability of retention of evidence of administration in the hands of the accounting fiduciary, such retention will be allowed until confirmation absolute of adjudications on final accounts.

### Conclusions

The loan applications, records of examinations and appraisements and abstracts of titles, incident to the loans and investments held by The Pennsylvania Trust Company, as fiduciary, and transferred to the Berks County Trust Company, as intervening fiduciary, are muniments of title and of administration of such fiduciary estates, with right of possession in the intervening fiduciary, or the succeeding fiduciary, until payment of the loan or investment.

And now, February 27, 1937, it is ordered and decreed that The Pennsylvania Trust Company and the liquidating trustees thereof deliver to the Berks County Trust Company, intervening trustee, the loan applications, records of examinations, reports, appraisements of the real estate and other property securing the loans, abstracts of title and certificates of liens, pertaining and belonging

to all assets assigned, transferred, and delivered by The Pennsylvania Trust Company, as fiduciary, to the Berks County Trust Company, intervening fiduciary pursuant to the decree of this court of December 20, 1934, immediately upon confirmation absolute of the several final accounts of The Pennsylvania Trust Company, as fiduciary; and that the costs of this proceeding be paid by The Pennsylvania Trust Company and the liquidating trustees thereof.